Attachment 1 - Civil Complaint
FILED
22 AUG -2 PM 2:56
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

STEPHAN A RICKS
_____

(Enter your full name)
   Plaintiff(s)

CASE NUMBER: **1:22CV00773LY**
(Supplied by Clerk's Office)

DMA COMPANIES, DIANA MCIVER,
NICHOLE GUPTILL, ROXANNE MARROQUIN,
OPC SERVICES
_____

(Enter full name of each Defendant)
   Defendant(s)

## COMPLAINT

  First Paragraph (Name and Address of Plaintiff)

  Second Paragraph (Name and Address(es) of Defendant(s))

  Third Paragraph (Jurisdiction Plea)

  Fourth Paragraph (Allegation 1)

  Fifth Paragraph (Allegation 2) ...

The final paragraph should contain a statement of the relief you are seeking. This paragraph should not be numbered.

       _____
       Signature
       Name (Typed or Printed)
       Address
       Telephone Number

Rev. Ed. October 26, 2017

Plaintiff STEPHAN A RICKS brings forth the following causes of action and alleges the following:

1. Plaintiff is an individual and a resident of 21 WALLER ST, APT 808, AUSTIN, TX 78702.

2. Defendant, DMA COMPANIES, is a legally defined business entity, formed under the laws of the State of Texas, and located at 4101 PARKSTONE HEIGHTS DR, SUITE 310, AUSTIN, TX 78746.

   Defendant, DIANA MCIVER, is an individual located at 4101 PARKSTONE HEIGHTS DR, SUITE 310, AUSTIN, TX 78746.

   Co Defendant, NICHOLE GUPTILL, is an individual located at 21 WALLER ST, AUSTIN, TX 78702.

   Co Defendant, ROXANNE MARROQUIN, is an individual located at 1320 ART DILLY DR, AUSTIN, TX 78702.

   Defendant OPC SERVICES, is a legally defined business entity, formed under the laws of the State of California, and located at 5000 AIRPORT PLAZA DRIVE, SUITE 250, LONG BEACH, CA 90815.

3. Jurisdictional Plea, Federal Question - Americans with Disabilities, Accommodations and Discrimination

4. Plaintiff, Mr. Ricks, a qualified individual with a disability under the Americans with Disabilities Act, alleges that he has made multiple requests for reasonable accommodations/ modifications that have gone ignored by the named Defendant and Co Defendants. At the beginning of February 2022, Mr. Ricks met with the Co Defendant, Nichole Guptill (Property Manager), face to face to discuss his need for modifications

to his apartment to have an equal opportunity to live in and enjoy his residence. On February 8, 2022, Plaintiff, Mr. Ricks followed up his initial request with an email that delineated his need and the reasons behind his request.

5. More than 30 days after the requests were made, Plaintiff, Mr. Ricks received no further correspondence on the matter. Due to the lack of response, he enlisted the help of a social worker from Travis County Health and Human Services, to make another request. With the assistance of the social worker, Plaintiff, Mr. Ricks composed a letter requesting reasonable accommodations, which included a Ring Peephole Camera with Ring Chime and Speaker. This request was sent via fax and email to Co Defendant Nichole Guptill on March 9, 2022. On the same day, Co Defendant Nichole Guptill responded with an alternative to the modification suggested by the Plaintiff, Mr. Ricks. The next day, Mr. Ricks and his social worker sent a follow-up email asserting that the recommended alternative would not be a good fit in Mr. Ricks' particular situation and did not demonstrate any evidence of being accessible to persons with visual impairments. On March 21, 2022, Co Defendant Nichole Guptill sent an email stating that the management, Defendant DMA Companies, had acquired all materials for and had approved the installation of a Ring Video Doorbell. On March 23, 2022, Plaintiff, Mr. Ricks and his social worker questioned Nichole Guptill about the specific model of the Ring Video Doorbell that was ordered and

whether it differed from the modification suggested in Mr. Ricks' original request. Later that day, Co Defendant, Nichole Guptill confirmed that it was a different model. On March 24, 2022, Plaintiff, Mr. Ricks sent an email to delay the installation of the device, stating he needed time to review the information provided and make an informed decision. Plaintiff, Mr. Ricks was not notified about the change to his initial request, until he questioned Co Defendant, Nichole Guptill. Furthermore, he had not conferred with Co Defendant Nichole Guptill, nor any of her associates, about any changes to his modification, when the decision was made by management. Plaintiff, Mr. Ricks questioned the accessibility of the device proposed by Co Defendant, Nichole Guptill and Defendant, DMA Companies.

6. On May 11, 2022, Plaintiff, Mr. Ricks called the office and spoke with Co Defendant, Nichole Guptill (Property Manager) about a letter sent by the moving company, Defendant, OPC Services, which was dated January 2022. He made a complaint regarding the letter to the Co Defendant. He was unable to receive/read the letter since it was sent in an inaccessible format. On April 16, 2021, the Plaintiff had specifically requested that all communications from DMA Companies and all associated organizations be sent in Braille or in another accessible format. The Defendant, DMA Companies did not comply with the accommodation request. On the afternoon of May 11, 2022, Defendant, DMA Companies responded to the complaint with

an email, which had a copy of the letter that was sent in January by certified mail attached. The letter contained important information regarding Plaintiff, Mr. Ricks' impending move into new property, The Ladybird. This included information about deadlines for completing documentation needed for the move, as well as the unit he was assigned. He learned that the unit was on the fourth floor. Plaintiff, Mr. Ricks required a first-floor apartment, among other accommodations/ modifications.

7. On June 3, 2022, the Plaintiff, Mr. Ricks asked his social worker from Travis County Health and Human Services to send an email on his behalf. This email restated his need for accommodations, which were previously conveyed in communications that dated back to February 2022. On June 6, 2022, Co Defendant, Nichole Guptill informed Mr. Ricks and his social worker through an email that upper management was aware of the requests. She stated she was waiting for their final approval regarding the accommodations/modifications, including the Ring Peephole Camera with Ring Chime and Speaker and the first-floor unit. As of July 29, 2022, Mr. Ricks has not received any further communication on his accommodations request. The Plaintiff, Mr. Ricks has made good faith attempts to meet and confer with the Defendants regarding this matter. The Defendants have been unresponsive. Furthermore, the Defendants have not been able to demonstrate that any of the modifications requested would produce an undue financial

burden on the any of parties involved, specifically Defendant DMA Companies and/or Defendant OPC Services. Plaintiff Stephan A Ricks moved the court to take JUDICIAL NOTICE of a news article from the Texas Tribune, titled "'Please help us, please': More than 100 older and disabled Texans were stranded without power in Austin high-rise", published on February 17, 2022. In a statement taken from the article, Farah Rivera, a neighbor of Plaintiff, Mr. Ricks, says, "There are people that are very impaired, and you think, 'How are they spending the night? Who's helping out, what's going on? Are they still having a phone charged in case there's an emergency?' All that goes through your mind." Plaintiff, Stephan A Ricks was among the residents stranded at this property. States, Plaintiff, Mr. Ricks, "The situation was a nightmare."

Plaintiff seeks relief in the form of accommodations/modifications to his future apartment which are: 1) First-floor Unit, 2) Mail Chute on Front Door, 3) Modified Washer/Dryer with Braille, 4) Ring Peephole Camera with Ring Chime and Speaker on each Door (Front Door and Patio Door), 5) Light/Horn Combo in Bathroom, 6) Accessible Toilet in Bathroom, 7) Sink and Tub Levers in Bathroom, 8) Lever Handles on Bathroom Doors, 9) Tub Grab Bars in Bathroom, 10) Accessible Range/Oven (controls in the front), 11) Rocker Switches for Lights, 12) Wheelchair Ramp, 13) Orientation and Mobility Specialist to Orient the Plaintiff to the New Property. Additionally, the Plaintiff seeks compensation for any other unspecified monetary damages.

*Stephan A. Ricks*
All Rights Reserved

Stephan A Ricks

21 Waller St, Apt 808

Austin, TX 78702

512-507-1488