# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| STEPHAN A. RICKS,<br>*Plaintiff*<br><br>v.<br><br>DMA COMPANIES, DIANA McIVER,<br>NICHOLE GUPTILL, ROXANNE<br>MARROQUIN, and OPC SERVICES,<br>*Defendants* | §<br>§<br>§<br>§  Case No. 1:22-CV-773-LY-SH<br>§<br>§<br>§<br>§ |

## ORDER

Before the Court are Plaintiff's Complaint (Dkt. 1), Application to Proceed In District Court Without Prepaying Fees or Costs (Dkt. 2), and Motion for Appointment of Counsel (Dkt. 3), all filed August 2, 2022. The District Court referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the Court Docket Management Standing Order for United States District Judge Lee Yeakel. Dkt. 4.

## I.   Motion to Proceed *In Forma Pauperis*

Plaintiff Stephan A. Ricks seeks leave to file his Complaint without having to pay the filing fee. After reviewing his Application and financial affidavit in support, the Court finds that Plaintiff is indigent. Accordingly, the Court hereby **GRANTS** Plaintiff *in forma pauperis* status. This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff is advised that although he has been granted leave to proceed *in forma pauperis*, the Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

## II. Section 1915(e)(2) Frivolousness Review

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under § 1915(e)(2). A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

### A. Standard of Review

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The Court must "accept as true the allegations of the complaint, together with any reasonable inferences that may be drawn therefrom." *Ryland v. Shapiro*, 708 F.2d 967, 969 (5th Cir. 1983). In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plaintiff's pro se status, however, does not offer him an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

### B. Analysis

Plaintiff, who alleges that he has a visual disability, lives in an apartment complex located at 21 Waller Street, Austin, Texas 78702. Plaintiff alleges that Defendants DMA Companies and

OPC Services and their employees (who presumably manage and operate the apartment complex) have failed to provide him with reasonable accommodations to his apartment in order to accommodate his disability, in violation of the Americans Disabilities Act ("ADA").

Title III of the ADA provides that: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of *public accommodation* by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a) (West 1990) (emphasis added). To establish a prima facie case pursuant to this statute, a plaintiff must show: 1) the plaintiff has a disability; 2) the place that the defendant owns, leases, or operates is a place of public accommodation; and 3) the plaintiff was denied full and equal enjoyment because of his disability. *Prim v. Stein*, 6 F.4th 584, 595 (5th Cir. 2021); *Kramer v. Brodie Oaks Ctr., Ltd.*, No. A-13-CA-670 LY, 2014 WL 690629, at *6 (W.D. Tex. Feb. 21, 2014). Public accommodations include "an inn, hotel, motel, or other place of lodging." *Id.* at § 12181(7)(A).

Although courts are to liberally interpret the ADA, federal district courts have found repeatedly that apartments and condominiums are not places of public accommodation. *See Williams v. Ladera Apartments*, No. 4:21-CV-154-SDJ, 2021 WL 1691613, at *12 (E.D. Tex. Apr. 29, 2021); *Desch v. Wheatley*, No. SA-08-CA-0922-FB, 2010 WL 11506404, at *5 (W.D. Tex. Jan. 19, 2010), *R. & R. adopted*, 2010 WL 11506405 (W.D. Tex. Mar. 18, 2010), *aff'd*, 421 F. App'x 394 (5th Cir. 2011); *Felknor v. Tallow Wood Apts.*, No. CIV. A-08-1092, 2009 WL 3230607, at *2 (W.D. La. Sept. 28, 2009); *see also Trostenetsky v. Keys Condo. Owners Ass'n*, No. 17-CV-04167-RS, 2018 WL 2234599, at *2 (N.D. Cal. May 16, 2018) (citing *Indep. Hous. Servs. of San Francisco v. Fillmore Ctr. Assocs.*, 840 F. Supp. 1328, 1332 n.14 (N.D. Cal. 1993) (noting that "the legislative

history of the ADA clarifies that 'other place of lodging' does not include residential facilities"));  *Lancaster v. Phillips Inv., LLC*, 482 F.Supp.2d 1362, 1366 (M.D. Ala. 2007).

It appears that Plaintiff's apartment complex is a private accommodation that would not be covered under Title III. Accordingly, before being permitted to pursue this action, Plaintiff must demonstrate that his apartment complex falls within the definition of public accommodation under Title III of the ADA. Therefore, the Court **ORDERS** Plaintiff to file a More Definite Statement by **August 19, 2022**, clarifying (1) what entity owns his apartment complex, and (2) the specific role each Defendant has in the operation and management of his apartment complex. The Court warns Plaintiff that failure to fully comply with this Order by the deadline will result in the Court's recommendation that this case be dismissed.

**SIGNED** on August 8, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE