# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

STEPHAN A. RICKS,                    §
    *Plaintiff*              §
                                   §
v.                                   §
                                   §    **Case No. 1:22-CV-773-LY-SH**
DMA COMPANIES, DIANA McIVER,         §
NICHOLE GUPTILL, ROXANNE             §
MARROQUIN, and OPC SERVICES,         §
    *Defendants*            §

## <u>ORDER</u>

Before the Court are Plaintiff's Complaint (Dkt. 1), Application to Proceed In District Court Without Prepaying Fees or Costs (Dkt. 2), and Motion for Appointment of Counsel (Dkt. 3), all filed August 2, 2022, and Plaintiff's More Definite Statement (Dkt. 6), filed August 19, 2022. The District Court referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the Court Docket Management Standing Order for United States District Judge Lee Yeakel. Dkt. 4.

## I.   Section 1915(e)(2) Frivolousness Review

On August 8, 2022, the Court granted Plaintiff *in forma pauperis* status after determining that he is indigent. Dkt. 5 at 1. The Court also ordered Plaintiff to file a More Definite Statement so that the Court could complete a review of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2)(B). *Id.* at 4. Plaintiff's More Definite Statement is sufficient for frivolousness review.

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under § 1915(e)(2). A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action is (1) frivolous or

1

malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The Court must "accept as true the allegations of the complaint, together with any reasonable inferences that may be drawn therefrom." *Ryland v. Shapiro*, 708 F.2d 967, 969 (5th Cir. 1983).

Plaintiff, who alleges that he has a visual disability, lives in an apartment complex at 21 Waller Street, Austin, Texas 78702. Plaintiff alleges that Defendants DMA Companies and OPC Services and their employees (who presumably manage and operate the complex) have failed to provide reasonable accommodations to Plaintiff's apartment to accommodate his visual disability, in violation of the Americans Disabilities Act ("ADA") and the Fair Housing Act.

The Court finds that Plaintiff's allegations are sufficient at this stage of the case to avoid dismissal for frivolousness under 28 U.S.C. § 1915(e)(2)(B). Accordingly, the undersigned does not recommend that the District Court dismiss this case under Section 1915(e)(2)(B).

## II.   Motion for Appointment of Counsel

The Court may appoint counsel in in forma pauperis proceedings pursuant to 28 U.S.C. § 1915(e)(1). District courts have discretion under Section 11915(e)(1) to appoint an attorney to represent an indigent litigant in federal court. However, "the appointment of counsel in a civil case is a privilege and not a constitutional right" and "should be allowed in civil actions only in

exceptional cases." *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). In evaluating whether appointment of counsel is proper under Section 1915(e), the district court considers the type and complexity of the case, the litigant's ability to investigate and present the case, and the level of skill required to present the evidence. *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982).

The record demonstrates that despite Plaintiff's disability, he has done a very credible job prosecuting his case, filing motions, and complying with court orders. Plaintiff has offered a detailed recitation of the facts of his case and shown an ability to investigate and prosecute the case adequately. The Court concludes that Plaintiff can adequately develop the facts and present his case in any further proceedings. *See Byrd v. Lindsey*, 736 F. App'x 465, 468 (5th Cir. 2018) (affirming district court's denial of appointment of counsel in ADA and Rehabilitation Act case where claims were neither unusual or complex); *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 262 (5th Cir. 1986) (denying motion to appoint counsel in civil rights case where case presented no exceptional circumstances and plaintiff demonstrated ability to represent himself adequately). Accordingly, the Court **DENIES** Plaintiff's Motion for Appointment of Counsel (Dkt. 3).

### III.   Conclusion

The Court **GRANTS** Plaintiff's Application to Proceed In District Court Without Prepaying Fees or Costs (Dkt. 2) and **ORDERS** Plaintiff's Complaint to be filed without prepayment of fees or costs or giving security therefor, pursuant to 28 U.S.C. § 1915(a)(1).

The Court **FURTHER ORDERS** that the Clerk issue summons and **ORDERS** the United States Marshals Service to attempt service in this case without pre-payment of a service fee.

The Court **DENIES** Plaintiff's Motion for Appointment of Counsel (Dkt. 3).

The Court **ORDERS** the Clerk to **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Lee Yeakel.

**SIGNED** on August 25, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE