IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| STEPHAN A RICKS | § | |
| | § | |
| **Plaintiff;** | § | |
| | § | |
| vs. | § | |
| | § | |
| | § | **No. 1:22-cv-00773LY** |
| | § | |
| DMA COMPANIES, | § | |
| DIANA MCIVER, | § | |
| NICHOLE GUPTILL, | § | |
| ROXANNE MARROQUIN, | § | |
| OPC SERVICES | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANTS ORIGINAL ANSWER

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants **DMA COMPANIES, DIANA MCIVER, NICHOLE GUPTILL, ROXANNE MARROQUIN, OPC SERVICES** (collectively, the "Defendants") files this their Original Answer, and would respectfully show as follows:

## ADMISSIONS AND DENIALS

The following specific admissions or denials correspond to the numbered paragraphs set out in the Complaint.

**Paragraph 1:** Defendants denies that Plaintiff is an individual and a resident of 21 Waller St., Apt. 808, Austin, Texas 78702.

**Paragraph 2:** Defendants admit that DMA COMPANIES, is a legally defined business entity, formed under the laws of the State of Texas, and located at 4101 PARKSTONE HEIGHTS DR, SUITE 310, AUSTIN, TX 78746.

Defendants admit that Diana McIver is an individual located at 4101 Parkstone Heights Dr, Suite 310, Austin, Texas 78746

Defendants deny that Nichole Guptill is an individual located at 21 Waller St., Austin, Texas 78702.

Defendants admit that Roxanne Marroquin is an individual located at 1320 Art Dilly Dr, Austin, Texas 78702.

Defendants admit that OPC Services, is a legally defined business entity, formed under the laws of the State of California, and located at 5000 Airport Plaza Drive, Suite 250, Long Beach, California 90815.

**Paragraph 3:** Defendants admit that Americans with Disabilities and Accommodations and Discrimination are Federal Questions, but deny any violation occurred.

**Paragraph 4:**  Defendants deny that Mr. Ricks is a qualified individual with a disability under the Americans with Disabilities Act as Defendants are unaware what the meaning of a qualified individual is.

Defendants deny that Mr. Ricks made multiple request for reasonable accommodations/modifications that have gone ignored by the Defendants.

Defendants admit that Mr. Ricks met with Nichole Guptill to discuss modifications but deny that any violation occurred.

Defendants lack sufficient personal knowledge and cannot admit or deny if on February 8, 2022, Mr. Ricks followed up his initial request with an email that delineated his need and the reasons behind his request.

**Paragraph 5:**  Defendants deny that more than 30 days after the requests were made, Mr. Ricks received no further correspondence on the matter.

Defendants deny a lack of response and have insufficient knowledge to admit or deny if Mr. Ricks enlisted the help of a social worker from Travis County Health and Human Services to make another request.

Defendants admit that Mr. Ricks requested reasonable accommodations for a Ring Peephole Camera with Ring Chime and Speaker and deny that any violation occurred.

Defendants have insufficient knowledge to admit or deny if the request was sent via fax and email to Nichole Guptill on March 9, 2022.

Defendants have insufficient knowledge to admit or deny if Nichole Guptill responded with an alternative to the modification suggested by the Plaintiff.

Defendants admit that they received a request from Mr. Ricks social worker regarding the requested accommodation and deny that any violation occurred.

Defendants admit that they acquired the Ring Video Doorbell and approved the installation and deny that any violation occurred.

Defendants have insufficient knowledge to admit or deny if Mr. Ricks and his social worker questioned Nichole Guptill about the specific model of the Ring video Doorbell that was ordered and whether it differed from the modification suggested in Mr. Ricks original request.

Defendants have insufficient knowledge to admit or deny if Nichole Guptill confirmed that it was a different model.

Defendants have insufficient knowledge to admit or deny if Mr. Ricks sent an email to delay the installation of the device, stating he needed time to review the information provided and make an informed decision.

Defendants have insufficient knowledge to admit or deny if Mr. Ricks was not notified about the change to his initial request, until he questioned Nichole Guptill.

Defendants deny that Mr. Ricks had not conferred with Nichole Guptill, nor any of her associates, about any changes to his modification, when the decisions was made by management.

Defendants have insufficient knowledge to admit or deny if Mr. Ricks questioned the accessibility of the device proposed by Nichole Guptill and DMA Companies.

**Paragraph 6:**   Defendants have insufficient knowledge to admit or deny if Mr. Ricks called the office and spoke with Nichole Guptill about a letter sent by the moving company OPC Services, which was dated January 2022.

Defendants have insufficient knowledge to admit or deny if he made a complaint regarding the letter to the co defendant.

Defendants have insufficient knowledge to admit or deny if he was unable to receive/read the letter since it was sent in an inaccessible format.

Defendants deny that Plaintiff had specifically requested that all communications from DMA and associated organizations be sent in Braille or in another accessible format.

Defendants deny that DMA did not comply with the accommodation request.

Defendants have insufficient knowledge to admit or deny if DMA responded to the complaint with an email which had a copy of the letter that was sent in January by certified mail and deny that any violation occurred.

Defendants have insufficient knowledge to admit or deny if the letter contained important information regarding plaintiff, Mr. Ricks impending move into new property, the Ladybird.

Defendants have insufficient knowledge to admit or deny if this included information about deadlines for completing documentation needed for the move, as well as the unit he was assigned.

Defendants have insufficient knowledge to admit or deny if he learned that the unit was on the fourth floor.

Defendants deny that Mr. Ricks required a first-floor apartment, among other accommodations/modifications.

**Paragraph 7:** Defendants have insufficient knowledge to admit or deny if Mr. Ricks asked his social worker from Travis County Health and Human Services to send and email on his behalf.

Defendants have insufficient knowledge to admit or deny if the email restated his need for accommodations, which were previously conveyed in communications that date back to February 2022.

Defendants have insufficient knowledge to admit or deny if Nichole Guptill informed Mr. Ricks and his social worker through and email that upper management was aware of the requests.

Defendants have insufficient knowledge to admit or deny if she was waiting for their final approval regarding the accommodations/modifications, including the Ring Peephole Camera with Ring Chime and Speaker and the first-floor unit.

Defendants deny that Mr. Ricks has not received any further communication on his accommodations request.

Defendants deny that Mr. Ricks has made good faith attempts to meet and confer with the Defendants regarding this matter.

Defendants deny that Defendants have been unresponsive.

Defendants deny that Defendants have not been able to demonstrate that any of the modifications requested would produce an undue financial burden on the parties.

Defendants object to the requested Jurisdictional Notice as irrelevant and the standard for judicial notice is not met.

## AFFIRMATIVE DEFENSES

By way of further reply, if such be necessary, and without waiving any of the foregoing, Defendant asserts, pursuant to Ruel 8(c) of the Federal Rules of Civil Procedure, the following affirmative defenses:

    a.     In addition to, or in the alternative, by way of further answer, if such be necessary, and without waiving any of the foregoing, Defendant asserts the affirmative defense of accord and satisfaction.

    b.     In addition to, or in the alternative, by way of further answer, if such be necessary, and without waiving any of the foregoing, Defendant asserts the affirmative defense of estoppel.

    c.     In addition to, or in the alternative, by way of further answer, if such be necessary, and without waiving any of the foregoing, Defendant asserts the affirmative defense of failure to exhaust administrative remedies.

## PRAYER

Defendants **DMA COMPANIES, DIANA MCIVER, NICHOLE GUPTILL, ROXANNE MARROQUIN, OPC SERVICES** deny that Plaintiff is entitled to any relief from Defendants and pray that Plaintiff take nothing by reason of its action herein, that Defendants recovers its costs, including attorney's fees, and for such other and further relief, general and special, at law or in equity, to which Defendants may show itself to be justly entitled.

The extent not specifically admitted or denied above, Defendants deny all other factual allegations contained in the Complaint.

DATED: September 20, 2022.

Respectfully submitted,


By: _/s/ Christopher J. Kronzer_____ _____
Christopher J. Kronzer
Texas Bar Number: 24060120
**HOOVERSLOVACEK LLP**
5051 Westheimer, Suite 1200
Houston, Texas 77056
Telephone: (713) 977-8686
Facsimile: (713) 977-5395
kronzer@hooverslovacek.com

**ATTORNEY FOR DEFENDANT**


**CERTIFICATE OF SERVICE**


I hereby certify that on September 20, 2022, a true and correct copy of Defendants' Original

Answer was served via electronic-service to the parties listed below in the below listed manners:

*Via Electronic-Service,*
*and CM-RRR, First Class*
Stephan A Ricks
1320 Art Dilly Dr.
Apt. 2143
Austin, Texas 78702

*Pro Se Plaintiff*


/s/ Christopher J. Kronzer
Christopher J. Kronzer