# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| STEPHAN A. RICKS,<br>*Plaintiff*<br><br>v.<br><br>DMA COMPANIES, DIANA McIVER,<br>NICHOLE GUPTILL, ROXANNE<br>MARROQUIN, and OPC SERVICES,<br>*Defendants* | §<br>§<br>§<br>§   Case No. 1:22-CV-773-LY<br>§<br>§<br>§<br>§<br>§ |

## ORDER

Before the Court are Plaintiff's Motion for Appointment of a Special Master, filed October 11, 2022 (Dkt. 23); Plaintiff's Motion to Set a Scheduling Hearing for Discovery; Motion for Right to Amend Complaint; Motion for Qualified Readers, Qualified Note-Takers, and Qualified Facilitators, and to Provide All Court Materials and Court Orders in an Accessible Format (Braille) and Other Accessible Formats of Plaintiff's Choice; Motion to Compel Discovery from the Defendants and to Appear for Depositions; Motion to Subpoena Defendants and Records; Motion to Compel Defendant Diane McIver to Provide the Contact Information for the Custodian of Records for DMA Properties; and Motion for Exemption of Fees for PACER, filed October 11, 2022 (Dkt. 24); and the parties' response and reply briefs. On October 14, 2022, the District Court referred the motions and related filings to the undersigned Magistrate Judge for resolution, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Dkt. 25.

### I.  Background

Plaintiff, who alleges that he has a visual disability, lives in an apartment complex at 21 Waller Street, Austin, Texas 78702. Plaintiff alleges that Defendants DMA Companies, OPC Services, Diana McIver, Nichole Guptill, and Roxanne Marroquin (who presumably manage and operate

the complex) have failed to provide reasonable accommodations to Plaintiff's apartment to accommodate his visual disability, in violation of the Americans with Disabilities Act ("ADA") and the Fair Housing Act ("FHA").

On August 25, 2022, the Court granted Plaintiff in forma pauperis status, but denied his request for appointment of counsel, concluding that "Plaintiff can adequately develop the facts and present his case in any further proceedings." Dkt. 7 at 3. Plaintiff now asks the Court to appoint a special master to investigate his disability discrimination claims. Dkt. 23. In addition, Plaintiff has filed a Motion to Set a Scheduling Hearing for Discovery. Dkt. 24.

## II.   Motion to Appoint a Special Master

Plaintiff asks the Court to appoint a special master under Rule 53 to "objectively and independently investigate" his discrimination and retaliation claims. Dkt. 23 at 1. All of the Defendants oppose this Motion.

"Generally, special masters are appointed in exceptional situations involving complex matters." *Gonzales v. Lone Star Wireline Servs., LLC*, No. CV-SA-15-CA-00882-DAE, 2016 WL 11586102, at *3 n.1 (W.D. Tex. July 25, 2016). Rule 53(a)(1) permits a district court to appoint a special master only to (1) "perform duties consented to by the parties; (2) "hold trial proceedings and make or recommend findings of fact if appointment is warranted by: some exceptional condition; or the need to perform an accounting or resolve a difficult computation of damages;" or (3) "address pretrial and posttrial matters that cannot be effectively and timely addressed by the assigned judge." Plaintiff has satisfied none of these factors.

First, Defendants do not consent to the appointment of a special master. Second, Plaintiff has neither alleged the need to perform an accounting or resolve a difficult computation of damages

2

nor explained what "exceptional condition"[1] would require appointment of a master. *See Sierra Club v. Clifford*, 257 F.3d 444, 446 (5th Cir. 2001) (holding that it was an abuse of discretion to appoint special master where plaintiff failed to demonstrate exceptional conditions existed); *Negley v. Fed. Bureau of Investigation*, No. 5:12-CA-00362-OLG, 2013 WL 12099972, at *5 (W.D. Tex. July 31, 2013) (denying motion to appoint special master where plaintiff identified no exceptional condition), *aff'd*, 589 F. App'x 726 (5th Cir. 2014). Finally, Plaintiff does not allege that the District Court or this Magistrate Judge cannot effectively and timely address any matters in this case.

For these reasons, Plaintiff's Motion for Appointment of a Special Master (Dkt. 23) is **DENIED**.

### III.  Motion to Set a Scheduling Hearing for Discovery

In his second Motion (Dkt. 24), Plaintiff asks the Court to: (1) set a scheduling hearing for discovery; (2) compel Defendants to comply with Plaintiff's discovery request; (3) compel Defendants to appear for depositions; (4) file an amended complaint; (4) provide Plaintiff with qualified readers, note-takers, and facilitators, and provide him all court materials and order in an accessible format of Plaintiff's choice; and (5) exempt Plaintiff from paying any fees for accessing court documents through PACER. Defendant Overland, Pacific & Cutler, LLC opposes the Motion in full, while Defendants DMA Companies, Diana McIver, Nichole Guptill, and Roxanne Marroquin oppose Plaintiff's requests one through three. Dkt. 28 at 2-3.

---

[1] In *La Buy v. Howes Leather Co.*, 352 U.S. 249, 258-59 (1957), the Supreme Court held that "a congested docket, the complexity of issues, and the extensive amount of time required for a trial do not, either individually or as a whole, constitute an exceptional condition justifying a Rule 53 reference to a special master in a non-jury antitrust action." *Sierra Club v. Clifford*, 257 F.3d 444, 446 (5th Cir. 2001). Courts have found that the fact that a party is proceeding *pro se* does not show exceptional circumstances. *See Gonzales v. Lone Star Wireline Servs., LLC*, No. CV-SA-15-CA-00882-DAE, 2016 WL 11586102, at *3 n.1 (W.D. Tex. July 25, 2016).

Local Rule CV-7(g) provides that a court "may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have first conferred in a good-faith attempt to resolve the matter by agreement and, further, certifies the specific reason that no agreement could be made." Plaintiff's Motion lacks a certificate of conference, and thus fails to comply with Local Rule CV-7(g). The Court could deny Plaintiff's Motion on this basis alone. *See, e.g.*, *Rodriguez v. Taylor, Bean & Whitaker Mortg. Corp.*, No. SA-12-CV-0039-OLG, 2012 WL 12888786, at *1 (W.D. Tex. Aug. 31, 2012) (denying motion to strike because movant failed to include certificate of conference). However, because Plaintiff is proceeding *pro se*, the Court addresses each of his requests on the merits.

Under Federal Rule of Civil Procedure 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." The parties have not yet held the conference required by Rule 26(f), and there is no scheduling order in place. Accordingly, Plaintiff's requests for discovery are premature and are **DENIED**. *See Baldwin v. Zurich Am. Ins. Co., No. 1:18-CV-996-RP*, 2019 WL 12336277, at *2 (W.D. Tex. June 26, 2019) (finding that defendant was under no obligation to respond to discovery where there was no scheduling order in place and no Rule 26(f) conference had occurred); *Smith v. Nat'l City Mortg.*, No. A-09-CV-881 LY, 2010 WL 3338537, at *2 (W.D. Tex. Aug. 23, 2010) (denying request for discovery as premature under Rule 26 where parties had not yet held Rule 26(f) conference), *R. & R. adopted*, 2010 WL 11652114 (W.D. Tex. Sept. 20, 2010).

Plaintiff's request for a scheduling hearing also is premature. Under Local Rule CV-16(c), the parties must confer as required by Rule 26(f) before submitting their proposed scheduling orders. The parties also are required to fully comply with the rest of Local Rule CV-16(c), which provides:

> Not later than 60 days after any appearance of any defendant, the parties shall submit a proposed scheduling order to the court in the form described in subdivision (a). The parties first shall confer as required by Rule 26(f). The content of the proposed scheduling order shall include proposals for all deadlines set out in the described form. The parties shall endeavor to agree concerning the contents of the proposed order, but in the event they are unable to do so, each party's position and the reasons for the disagreement shall be included in the proposed schedule submitted to the court. In the event the plaintiff has not yet obtained service on all defendants, the plaintiff shall include an explanation of why all parties have not been served. The scheduling proposals of the parties shall be considered by the court, but the setting of all dates is within the discretion of the court.

Plaintiff's request for a scheduling hearing therefore is **DENIED**.

The Court also denies Plaintiff's request to amend his Complaint because Plaintiff did not attach a copy of the proposed amended complaint to his Motion. Without a proposed amended complaint, the Court cannot assess whether amendment is warranted. *See Edionwe v. Bailey*, 860 F.3d 287, 294 (5th Cir. 2017) (holding that leave to amend is not required where movant fails to inform court of facts it would plead in amended complaint to cure any deficiencies); *see also* Local Rule CV-7(b) (requiring that an executed copy of a proposed pleading be filed as an exhibit to a motion for leave). Plaintiff's Motion to Amend his Complaint is **DENIED without prejudice**.

Next, Plaintiff moves the Court to access court documents and information without having to pay a fee. Plaintiff has been granted in forma pauperis status and has access to CM/ECF, the electronic court filing system used by the Western District of Texas, without having to pay a fee. This request is **DISMISSED** as **MOOT**.

Finally, Plaintiff asks the Court "to enter an order granting plaintiff, Stephan Ricks' request for qualified readers, qualified note-takers, and qualified facilitators, and providing plaintiff all

court materials and court orders in an accessible format (Braille), and other accessible formats of plaintiff, Stephan Ricks' choice." Dkt. 24 at 1-2. While some Defendants do not oppose this request, as demonstrated by this Motion and his pleadings, Plaintiff has been able to communicate effectively with the Court and access the Court's orders thus far. The Court finds that Plaintiff has not established that his request is necessary at this time. Accordingly, this request is **DENIED without prejudice**.

### IV.  Conclusion

In sum: Plaintiff's Motion for Appointment of a Special Master (Dkt. 23) is **DENIED**. Plaintiff's Motion to Set a Scheduling Hearing for Discovery; Motion for Right to Amend Complaint; Motion for Qualified Readers, Qualified Note-Takers, and Qualified Facilitators, and to Provide All Court Materials and Court Orders in an Accessible Format (Braille) and Other Accessible Formats of Plaintiff's Choice; Motion to Compel Discovery from the Defendants and to Appear for Depositions; Motion to Subpoena Defendants and Records; Motion to Compel Defendant Diane McIver to Provide the Contact Information for the Custodian of Records for DMA Properties; and Motion for Exemption of Fees for PACER (Dkt. 24) is **DENIED IN PART and DISMISSED IN PART**, as detailed above.

The Court further **ORDERS** the Clerk to **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Lee Yeakel.

**SIGNED** on January 3, 2023.

SUSAN HIGHTOWER  
UNITED STATES MAGISTRATE JUDGE