IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| STEPHAN A. RICKS | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| | § | |
| vs. | § | No. 1:22-cv-00773-RP |
| | § | |
| DMA COMPANIES, DIANA MCIVER, | § | |
| NICHOLE GUPTILL, ROXANNE | § | |
| MARROQUIN, OPC SERVICES | § | |
| | § | |
| | § | |
| | § | |
| *Defendants.* | § | |

**DEFENDANT OVERLAND, PACIFIC & CUTLER LLC'S
RULE 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS**

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, Defendant Overland, Pacific & Cutler LLC ("OPC")[1] submits this Motion for Judgment on the Pleadings and requests that all of Plaintiff's claims against OPC be dismissed with prejudice because:

- Plaintiff has failed to state a facially plausible claim against OPC under either the Americans with Disabilities Act ("ADA") or the Fair Housing Act ("FHA") because he has not alleged that **OPC** (as opposed to other defendants) failed to accommodate a reasonable request or engaged in any discriminatory conduct;

- Plaintiff's claims for injunctive relief against OPC under the ADA are moot because the complained-about move has been completed; and

- Plaintiff's claim under the FHA fails because he has not alleged that OPC is a housing provider.

**I.    BACKGROUND**

In an instrument filed on August 2, 2022, as a summons and complaint, *pro se* Plaintiff Stephan A. Ricks ("Plaintiff" or "Ricks") sued Defendants DMA Companies ("DMA"), Diana

---

[1] Plaintiff references OPC as "OPC Services" in his pleadings.

1

McIver, Roxanne Marroquin, Nichole Guptill, and OPC. Dkt. 1. Later, in response to the Court's Order of August 8, 2022, *see* Dkt. 5, Plaintiff submitted an additional filing attempting to clarify his claims. *See* Dkt. 6. In these pleadings, which reference the ADA, *see* Dkt. 1 at 2, Dkt. 6 at 2, and the FHA, *see* Dkt. 6 at 2, Plaintiff alleged that "there has been a concerted effort on the part of all these defendants to harass and retaliate against plaintiff for making requests for reasonable accommodations and modifications to plaintiff's apartment." Dkt. 6. He asserted that "defendants and staff members" have caused delays and denied receiving his requests, provided Plaintiff with false information, "refus[ed] to meet and confer with plaintiff" regarding his requests, and retaliated against him for making requests. *Id*.

Plaintiff identifies OPC as "the moving company" in his complaint.[2] Dkt. 1, ¶ 6. More accurately, OPC is a company that provides relocation and move coordination services. Defendant DMA develops, owns, and manages affordable and special needs housing properties. To the best of OPC's knowledge, the individual defendants are or were DMA employees.

In November 2019, DMA contracted with OPC to provide relocation and/or move coordination services at a DMA property called the RBJ Tower, located at 21 Waller Street, Austin, Texas 78702. In entering this contract, it was OPC's understanding that DMA intended to construct new affordable housing units on the property, move residents of the RBJ Tower to the new housing units, rehabilitate the RBJ Tower units, and then move the residents back to the rehabilitated RBJ Tower, depending on whether the residents opted to stay in the new units or return to the tower units. DMA contracted with OPC to coordinate the on-site moves of residents consistent with this plan.

---

[2] In an August 8, 2022 Order, the Court presumed that OPC manages and operates Plaintiff's apartment complex. Dkt. 5 at 2-3. Respectfully, that presumption was incorrect in light of Plaintiff's own description of OPC. *See* Dkt. 1, ¶ 6.

OPC first contacted Plaintiff to begin the move coordination process in April 2021. Plaintiff's on-site move was completed on or about August 25, 2022.[3] Plaintiff has not alleged (nor is there) any pre-existing contract between OPC and Plaintiff. With the move complete, OPC has no further obligations to or relationship with Plaintiff (other than in this lawsuit).

The only allegation in the complaint that explicitly references Defendant OPC is as follows: "Mr. Ricks called the office and spoke with Co Defendant, Nichole Guptill (Property Manager) about a letter sent by the moving company, Defendant, OPC Services, which was dated January 2022. He made a complaint regarding the letter to the Co Defendant." Dkt. 1, ¶ 6. Plaintiff alleges that he had previously requested that all communications from "DMA Companies and all associated organizations be sent in Braille or in another accessible format," and alleges that "*DMA Companies* did not comply with the accommodation request." *Id.* (emphasis added). Other than later alleging "concerted effort" among the defendants, Plaintiff's response to the Court's more definite statement order lacks any additional detail that allegedly implicates OPC in any alleged omission or wrongdoing toward Plaintiff. *See* Dkt. 6. In sum, Plaintiff has not made any allegation that *OPC* had any duty to Plaintiff that it has failed to fulfill.[4]

---

[3] As evidence that the move has been completed, we ask that the Court to take judicial notice that Plaintiff's address for purposes of this lawsuit changed from 21 Waller Street, Apartment 808, Austin, Texas 78702 (the RBJ Tower address), when he filed this action, *see* Dkt. 1 at 7, to 1320 Art Dilly Drive, Apartment 2143, Austin, Texas 78702 (the address of the new units constructed by DMA), no later than January 2023, *see* Dkt. 33. *See U.S. ex rel Lam v. Tenet Healthcare Corp.*, 481 F. Supp. 2d 673, 680 (W.D. Tex. 2006) ("It is clear that courts may take judicial notice of court filings to establish the fact of litigation and related filings."); *see also* Fed. R. Evid. 201.

[4] By way of background, counsel for OPC attempted to directly gain additional clarity from Plaintiff, who is proceeding *pro se*, regarding his allegations, if any, against OPC in its meet and confer efforts and conferences associated with the filing of the Joint Report pursuant to Rule 26(f) and the Local Rules. OPC's good faith requests for clarification were answered by Plaintiff that clarification would be provided "after discovery is completed." *See* Dkt. 52 at 2.

In his prayer for relief, Plaintiff asks for a smattering of "accommodations/modifications to his future apartment." Dkt. 1 at 6. He asserts in his response to the Court's more definite statement order that the reasonable accommodation and modification requests he alleges he has made are "consistent with and pursuant to Title 8 of the Fair Housing Act of 1968, and Title 3 of the Americans With Disabilities Amendment of 1990, and also Title 5." Dkt. 6 at 2. Further, he "seeks compensation for any other unspecific monetary damages." Dkt. 1 at 6.

## II.  LEGAL STANDARD

Rule 12(c) states that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). The Court considers Rule 12(c) motions under an identical standard to the Rule 12(b)(6) (motions to dismiss for failure to state a claim) standard. *Waller v. Hanlon,* 922 F.3d 590, 599 (5th Cir. 2019) (citing *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). Thus, on a Rule 12(c) motion, the court must accept "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007). But the plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the nonmovant pleads factual content that allows the court to draw the reasonable inference that the movant is liable for the misconduct alleged." *Terry Black's Barbecue, LLC v. State Automobile Mutual Insurance Co.*, 524 F. Supp. 3d 896, 901-02 (W.D. Tex. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal edits omitted). Drawing on its "judicial experience and common sense," the Court must "identify the complaint's well-pleaded factual content," "set aside any unsupported legal conclusions," and consider whether it can infer from the remaining allegations "more than the mere possibility of misconduct." *Waller*, 922 F.3d at 599 (quoting

*Iqbal*, 556 U.S. at 679; *Doe v. Robertson*, 751 F.3d 383, 386-90 (5th Cir. 2014) (internal quotation marks omitted).

As the Court stated in its Order of August 8, 2022, Title III of the ADA provides that: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). To establish a prima facie case pursuant to this statute, a plaintiff must show: 1) the plaintiff has a disability; 2) the place that the defendant owns, leases, or operates is a place of public accommodation; and 3) the plaintiff was denied full and equal enjoyment because of his disability. *Prim v. Stein*, 6 F.4th 584, 595 (5th Cir. 2021); *Kramer v. Brodie Oaks Ctr., Ltd.*, No. A-13-CA-670 LY, 2014 WL 690629, at *6 (W.D. Tex. Feb. 21, 2014).

### III. ANALYSIS

As explained above, OPC lacks clarity regarding what claims Plaintiff is making against it, particularly given OPC's limited role—as move coordinators, not housing providers—in Plaintiff's relocation. Although Plaintiff references Title VIII of the FHA and Title III and Title V of the ADA in his Response to Order for More Definite Statement, *see* Dkt. 6, and lists certain housing accommodations and modifications as relief he seeks in this suit, *see* Dkt. 1 at 6, what relief Plaintiff seeks *from OPC*—the move coordinator—in this suit, like his cause(s) of action, remains wholly unclear.

**Plaintiff's Claims Under the ADA Fail as a Matter of Law:** Plaintiff has failed to plausibly state a claim upon which relief could be granted as to Defendant OPC: even accepting Plaintiff's disability, Plaintiff has not alleged a prima facie case that OPC owns, leases, or

operates a place of public accommodation under the ADA or that Plaintiff was denied full and equal enjoyment of Defendant OPC's services because of that disability. *See Prim*, 6 F.4th at 595. Plaintiff was also specifically warned by the Court that "failure to fully comply with [its] Order" to explain the relationship among the defendants and "the specific role that each Defendant has in the operation and management of his apartment complex" could result in the Court's dismissing his lawsuit. As a result, Plaintiff's claims—if any—against OPC should be dismissed with prejudice.

Moreover, even if Plaintiff had properly asserted claims against OPC—which he has not—he would be entitled only to injunctive relief under Title III and Title V of the ADA. *See* 42 U.S.C. § 12188(a)(1) (plaintiff alleging Title III violation only entitled to remedies set forth in 42 U.S.C. § 2000a-3(a) (permitting plaintiff in a "civil action for preventative relief" to seek "an application for a permanent or temporary injunction, restraining order, or other order")); *see also* 42 U.S.C. § 12203(c) (plaintiff alleging Title V violation only entitled to remedies available under section 12188).[5] But OPC—merely the relocation coordinator here—cannot provide the "accommodations/modification to his future apartment" that Plaintiff seeks.[6] *See* Dkt. 1 at 6. Moreover, because Plaintiff's move has been completed, any injunctive relief Plaintiff may seek as to OPC would be moot. Thus, he has failed to plausibly state a claim upon which relief can be granted and his ADA claims against OPC should be dismissed under Rule 12(c).

---

[5] Because OPC is a relocation company and not a housing provider, it cannot have engaged in "Discriminatory Housing Practice" and is not a "Respondent" as those terms are defined by the Fair Housing Act. *See* 42 U.S.C. § 3602(f), (n). Thus, to the extent that Plaintiff seeks to make his Fair Housing Act claim against OPC, he has failed to plausibly state a claim upon which relief can be granted and it should be dismissed under Federal Rule of Civil Procedure 12(c).

[6] Additionally, DMA—the party in a position to address Plaintiff's requests for accommodations and modifications—has represented that all of Plaintiff's requests have been granted and performed. *See* Dkt. 52 at 3.

**Plaintiff's Claim Under the FHA Fails as a Matter of Law:** Plaintiff acknowledges that OPC is not a housing provider. *See* Dkt. 1, ¶ 6. Because OPC is a relocation company and not a housing provider, it cannot have engaged in any "Discriminatory Housing Practice" and is not a "Respondent" as those terms are defined by the FHA. *See* 42 U.S.C. § 3602(f), (n). Thus, to the extent that Plaintiff seeks to make his FHA claim against OPC, he has failed to plausibly state a claim upon which relief can be granted and it should be dismissed under Rule 12(c).

IV.     CONCLUSION AND PRAYER FOR RELIEF

For the foregoing reasons, Defendant OPC respectfully requests that the Court grant this motion, render a take-nothing judgment on the pleadings as to all of Plaintiff's claims against OPC, and deny any further request for leave to amend as to Defendant OPC. *See Armbrister v. United States Dep't of Treasury*, No. 3:18-CV-0719-N-BK, 2018 WL 3626353, *3 (N.D. Tex. June 20, 2018) (holding leave to amend not required when pro se plaintiff's claims are "fatally infirm" because they "lack an arguable basis in law" and plaintiff "has not presented a logical set of facts to support any claim for relief," and leave to amend would be "futile and cause needless delay") (citing *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009)).

Dated: September 15, 2023            Respectfully submitted,

*/s/ Katherine P. Chiarello*
Katherine P. Chiarello
State Bar No. 24006994
katherine@bccaustin.com

**BOTKIN CHIARELLO CALAF, PLLC**
1209 Nueces Street
Austin, Texas 78701
T: (512) 615-2341
F: (737) 289-4695

**ATTORNEY FOR DEFENDANT
OVERLAND, PACIFIC & CUTLER, LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that, on September 15, 2023, Defendant Overland, Pacific, and Cutler, LLC's Motion for Judgment on the Pleadings was electronically filed with the Court by using the Western District of Texas' CM/ECF filing system, which provided notice of the filing to all CM/ECF participants, and on Plaintiff via email and Certified Mail Return Receipt Requested at the following address.

    Stephan A. Ricks
    1320 Art Dilly Dr., Apt. 2143
    Austin, TX 78702
    Bigdaddy50000@gmail.com

                                                        */s/ Katherine P. Chiarello*
                                                        Katherine P. Chiarello