IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| STEPHAN A. RICKS | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | No. 1:22-cv-00773-RP |
| | § | |
| DMA COMPANIES, DIANA MCIVER, NICHOLE GUPTILL, ROXANNE MARROQUIN, OPC SERVICES | § § § | |
| | § | |
| *Defendants.* | § | |

**DEFENDANT OVERLAND, PACIFIC & CUTLER LLC'S
<u>MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY</u>**

Defendant Overland, Pacific & Cutler LLC ("OPC") should not be a party to this action. In an instrument filed on August 2, 2022, as a summons and complaint, *pro se* Plaintiff Stephan A. Ricks ("Plaintiff" or "Ricks") sued Defendants DMA Companies, Diana McIver, Roxanne Marroquin, Nichole Guptill, and "OPC Services." Dkt. 1. Later, in response to the Court's Order of August 8, 2022, *see* Dkt. 5, Plaintiff submitted an additional filing attempting to clarify his claims. *See* Dkt. 6. Although Plaintiff references Title III and Title V of the Americans with Disabilities Act, and Title VIII of the Fair Housing Act, in his filings, *see* Dkt. 1 at 2, Dkt. 6 at 2, what claims he is making against OPC are wholly unclear. Due to serious legal and factual deficiencies in Plaintiff's filings—and following repeated efforts to confer with Plaintiff in an effort to understand his claims against OPC—OPC has filed a Motion for Judgment on the Pleadings under Federal Rules of Civil Procedure 12(c) (the "Dispositive Motion"). Dkt. 55.

OPC now files this Motion for Protective Order to Stay Discovery (the "Motion") and asks the Court to exercise its broad discretion and enter a protective order that stays discovery

1

until disposition of the Dispositive Motion. *See Fujita v. United States*, 416 Fed. Appx. 400, 402 (5th Cir. 2011) (citing *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)). While OPC recognizes the relief it is requesting is exceptional, the relief is warranted because the Dispositive Motion "raises a serious legal question or factual deficiency that has a reasonably high likelihood of resulting in the dismissal of the case" against OPC. *360 Mortgage Grp., LLC v. LoanCare LLC*, No. 1:18-CV-332 RP, 2018 WL 6272034, at *1-2 (W.D. Tex. Nov. 30, 2018). More specifically, the strength of the Dispositive Motion warrants a stay of discovery until the Court rules on the Dispositive Motion, particularly in light of the excessively broad scope of Plaintiff's discovery requests[1] and the burden of responding to such discovery. *See Von Drake v. Nat'l Broad. Co., Inc.*, No. 3-04-CV-0652R, 2004 WL 1144142, at *1-2 (N.D. Tex. May 20, 2004) (discussing the factors a court considers in deciding whether to stay discovery during the pendency of a dispositive motion).

**ARGUMENT**

Federal Rule of Civil Procedure 26(c)(1) allows "[a] party or any person from whom discovery is sought [to] move for a protective order in the court where the action is pending…." In reviewing a motion for protective order, a " court may, for good cause, issue an order to a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including a stay of discovery and disclosures. Fed. R. Civ. P. 26(c)(1)(A). Further, a "district court has 'broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Fujita*, 416 Fed. Appx. At 402 (citing *Petrus*, 833 F.2d at 583); *see also Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 435-36 (5th Cir. 1990), cert. denied, 498 U.S. 895 (1990) (finding no abuse of discretion in an order staying

---

[1] *See* Section A, *infra*, for a more detailed discussion of Plaintiff's discovery requests.

discovery pending resolution of dispositive motions); *James J. Flanagan Shipping Corp. v. Port of Beaumont of Jefferson Cnty.*, No. 1:20-CV-191, 2020 WL 4365595, at *1 (E.D. Tex. July 29, 2020) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided.") (citations omitted).

In the context of dispositive motions, a district court has discretion to stay discovery if the disposition of the motions might preclude the need for discovery altogether. *See Von Drake*, 2004 WL 1144142, at *1 (staying discovery "may be appropriate where the disposition of a motion to dismiss 'might preclude the need for the discovery altogether thus saving time and expense'") (quoting *Landry*, 901 F.2d at 436); *see also Conquest*, 2014 WL 172500, at *1 ("To determine whether a stay is appropriate a district court 'must balance the harm produced by the delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery.'" (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla.1997)). When deciding whether to issue a stay, some of the "factors that inform a court's discretion are: (1) the breadth of discovery sought; (2) the burden of responding to such discovery; and (3) the strength of the dispositive motion filed by the party seeking a stay." *Von Drake*, 2004 WL 1144142, at *1.

Here, all three factors weigh in favor of finding good cause to grant this motion and stay the discovery until the disposition of the Dispositive Motion. And any harm that might arise from a discovery stay is minimal because Plaintiff does not need discovery to respond to the Dispositive Motion. *See Paul Kadair, Inc. v. Sony Corp. of Am.*, 694 F.2d 1017, 1029-30 (5th Cir. 1983) (stating that a court can "cut off" plaintiff's right to discovery when the discovery is not necessary to "withstand a … motion for summary judgment"). Because the discovery is unnecessary for Plaintiff to address the Dispositive Motion, he will not be burdened by a

temporary stay of discovery. *See Conquest v. Camber Corp.*, No. 5:13-CV-1108-DAE, 2014 WL 172500, at *2 (W.D. Tex. Jan. 13, 2014) ("Absent the necessity to develop a factual basis, the Court finds that a stay of discovery pending resolution of the legal issues addressed in Defendant's Motion to Dismiss is warranted."); *see also* Dkt. 46 (establishing that the discovery deadline is not until March 25, 2024).

> **A. Plaintiff's discovery requests to OPC seek a wide breadth of sensitive information and are overbroad, unduly burdensome, and disproportional to the needs of the case.**

On July 12, 2023, counsel for OPC conferred with Plaintiff and counsel for co-defendants pursuant to Federal Rule of Civil Procedure 26(f). During the Rule 26(f) conference, counsel for OPC requested that Plaintiff clarify the legal and factual basis for his claims against OPC—as opposed to his claims against DMA and the individual defendants associated with DMA. Counsel for OPC further noted that, to the extent Plaintiff's claims against OPC were based on alleged violations of the Americans with Disabilities Act, OPC—as the company that coordinated Plaintiff's already completed onsite relocations on behalf of co-defendant DMA Companies—could not provide the only remedy available to Plaintiff under that claim (injunctive relief). In response to OPC's good faith request for clarification, Plaintiff stated that he would provide clarification "after discovery is completed." *See* Dkt. 52 at 2.

On August 11, 2023, Plaintiff sent OPC a document that appeared to be intended to (1) provide partial information responsive to his initial disclosure obligations; (2) compel defendants to produce documents; (3) request that multiple individuals appear for depositions (with no notice of dates or locations) and produce documents at the deposition; (4) ask the Court to (i) enter an order to subpoena multiple individuals to produce documents and records, (ii) compel a defendant to provide custodian of records information, and (iii) enter an order exempting Plaintiff from paying fees to access Pacer; and (5) provide a copy of a request for

4

special master which Plaintiff filed with the Court in late 2022. *See* Ex. A. Although the format Plaintiff's document was confusing, failed to "describe with reasonable particularity each item or category of items to be inspected," and thus did not comport with the requirements of Federal Rule of Civil Procedure 34(b)(1), OPC made a good faith effort to respond to those portions of the document that it understood to be Plaintiff's Requests for Discovery to OPC. *See* Ex. B. Even then, Plaintiff's discovery requests seek a wide breadth of sensitive information and are overbroad, unduly burdensome, and disproportional to the needs of the case. Plaintiff's 29 requests for production to OPC seek, in part:

- All of OPC's electronic documents, without any time or subject matter limitations;
- All of OPC's emails, without any time or subject matter limitations;
- All of OPC's voicemails, without any time or subject matter limitations;
- All of OPC's texts, without any time or subject matter limitations;
- All of OPC's written communication documents, without any time or subject matter limitations;
- All of OPC's social media platform accounts, without any time or subject matter limitations;
- All past and pending lawsuits against OPC from 2011 to 2023, without any subject matter limitations;
- The names and telephone numbers of all former and current OPC employees who have or have had access to Plaintiff's records from 2013 to 2023, without any subject matter limitations; and
- All information stored on the smart phones and home personal computers of all former and current OPC employees, without any time or subject matter limitations.

*See* Ex. A at 4-5; *see also* Ex. B.

In other words, Plaintiff essentially is seeking all of OPC's company documents, without any time limitation, and whether or not they have anything to do with OPC's coordination of his 2022 move. The excessively broad scope of these discovery requests is wholly unnecessary to prosecute Plaintiff's claims, which seem to allege violations of the Americans with Disabilities Act and Fair Housing Act related to his August 2022 move to a new housing unit

5

managed by DMA. Thus, Plaintiff's discovery requests are overbroad, unduly burdensome, and disproportional to the needs of the case. It would be onerous, time-consuming, and expensive for OPC to search for and provide a copy of all its company records, especially when the pending Dispositive Motion, if granted, would result in the dismissal of the entire case against OPC.[2]

### B. The Dispositive Motion raises serious legal and factual deficiencies that are likely to result in dismissal of Plaintiff's claims against OPC.

A stay of discovery is appropriate in "cases in which, for example, the motion to dismiss raises a serious legal question or factual deficiency that has a reasonably high likelihood of resulting in the dismissal of the case." *360 Mortgage Grp, LLC*, 2018 WL 6272034, at *1–2. And while it is difficult to assess the likelihood of a motion's success, courts have granted stays when dispositive motions contain "substantial arguments for dismissal of many, if not all, of [a] plaintiff's claims." *See Von Drake*, 2004 WL 1144142, at *2 ("Although the magistrate judge cannot predict the outcome of defendants' motion to dismiss, a cursory review of the motion reveals that defendants have substantial arguments for dismissal of many, if not all, of plaintiff's claims."). Courts have also granted stays when dispositive motions "are not frivolous and merit serious consideration." *Primesource Bldg. Products*, 2020 WL 6140462, at *2 ("Regarding the strength of the motion to dismiss, upon a cursory examination, the Court concludes Lee Group's arguments are not frivolous and merit serious consideration. Moreover,

---

[2] *See Primesource Bldg. Products, Inc. v. Lee Group Int'l, Inc.*, No. 3:19-CV-02878-X, 2020 WL 6140462, at *2 (N.D. Tex. Aug. 12, 2020) ("Regarding whether the discovery requests are unduly burdensome and overly broad, PrimeSource sent 15 requests for production to Lee Group requesting internal communications, communications with various third parties, contracts, marketing materials, product design, and more. *The Court finds that these requests are overly broad and compliance with them would be unduly burdensome on Lee Group, at least with regards to time spent when a potentially dispositive motion to dismiss is pending*. The Court also finds that the provision for the request for production itself, which Lee Group provided, is sufficient evidence for this Court to reach its determination on these factors.") (emphasis added).

if the arguments are valid, then the case will be completely disposed of. For these reasons, the Court finds the strength of the dispositive motion factor met.").

Here, the Dispositive Motion contains arguments for dismissal of all of Plaintiff's claims against OPC, and those arguments are not frivolous and merit serious consideration. Specifically, OPC's Dispositive Motion argues that Plaintiff has pleaded neither any discernable claims against OPC nor any facts to support any claims against OPC, and that, given the nature of OPC's role (as move coordinator) in Plaintiff's completed move and lack of any ongoing relationship with Plaintiff whatsoever, OPC would be unable to provide Plaintiff the only remedy permitted for his claims. Dkt. 55, at 5-7. The granting of this motion would resolve the entire case against OPC.

Because the Dispositive Motion contains arguments for dismissal of all of Plaintiff's claims against OPC, and because those arguments are meritorious and not frivolous, the Court would be acting well within its discretion to order a temporary stay of discovery.

**C. Plaintiff will not be harmed by the temporary stay that OPC seeks.**

"To determine whether a stay is appropriate a district court 'must balance the harm produced by the delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery.'" *Conquest*, 2014 WL 172500, at *1 (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla.1997)).

Here, any harm that might arise from a discovery stay is minimal because Plaintiff does not need the discovery to respond to the Dispositive Motion. When discovery is not needed for a party to respond to a dispositive motion, or when discovery would not aid in the resolution of a dispositive motion, that party suffers no harm from a stay of discovery. *See Conquest*, 2014 WL 172500, at *2 ("Absent the necessity to develop a factual basis, the Court finds that a stay

of discovery pending resolution of the legal issues addressed in Defendant's Motion to Dismiss is warranted."); *see also Whittington v. Mobiloil Fed. Credit Union*, Civil Action No. 1:16-cv-482, 2018 U.S. Dist. LEXIS 156662, at *3 (E.D. Tex. April 5, 2018) ("Good cause [to stay discovery] has been found when resolving a motion to dismiss might reduce or preclude the need for discovery or when 'further discovery will impose undue burden or expense *without aiding the resolution of the dispositive motions*.'") (emphasis added) (quoting *Fujita*, 416 Fed. Appx. at 402)). And "[w]hen balancing the meager harm produced by such a temporary stay at the outset of this case against the possibility" that the Dispositive Motion "will be granted and entirely eliminate the need for such discovery," the Court should find that a temporary stay is appropriate. *Conquest*, 2014 WL 172500, at *1; *see also* Dkt. 46 (establishing that the discovery deadline is not until March 25, 2024).

## CONCLUSION AND PRAYER FOR RELIEF

For the foregoing reasons, Defendant OPC respectfully requests that the Court grant this motion and stay discovery until the Court rules on the Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c).

Dated: September 18, 2023

Respectfully submitted,

*/s/ Katherine P. Chiarello*
Katherine P. Chiarello
State Bar No. 24006994
katherine@bccaustin.com

**BOTKIN CHIARELLO CALAF, PLLC**
1209 Nueces Street
Austin, Texas 78701
T: (512) 615-2341
F: (737) 289-4695

**ATTORNEY FOR DEFENDANT
OVERLAND, PACIFIC & CUTLER, LLC**

## CERTIFICATE OF CONFERENCE

I certify that counsel for OPC conferred with Plaintiff by telephone on Monday, September 18, 2023, regarding the relief requested in this motion. Plaintiff is opposed.

                                                        */s/ Katherine P. Chiarello*
                                                        Katherine P. Chiarello

## CERTIFICATE OF SERVICE

I hereby certify that, on September 18, 2023, Defendant Overland, Pacific, and Cutler, LLC's Motion for Judgment on the Pleadings was electronically filed with the Court by using the Western District of Texas' CM/ECF filing system, which provided notice of the filing to all CM/ECF participants, and on Plaintiff via email and Certified Mail Return Receipt Requested at the following address.

    Stephan A. Ricks
    1320 Art Dilly Dr., Apt. 2143
    Austin, TX 78702
    Bigdaddy50000@gmail.com

                                                        */s/ Katherine P. Chiarello*
                                                        Katherine P. Chiarello