UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| STEPHAN A. RICKS,<br> *Plaintiff*<br><br>v.<br><br>DMA COMPANIES, DIANA McIVER, NICHOLE GUPTILL, ROXANNE MARROQUIN, and OPC SERVICES,<br> *Defendants* | §<br>§<br>§<br>§<br>§ Case No. 1:22-CV-00773-RP<br>§<br>§<br>§<br>§<br>§ |

**ORDER AND REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE ROBERT PITMAN
  UNITED STATES DISTRICT JUDGE

Now before the Court are Defendant Overland, Pacific & Cutler LLC's Rule 12(c) Motion for Judgment on the Pleadings, filed September 15, 2023 (Dkt. 55); Defendant Overland, Pacific & Cutler LLC's Motion for Protective Order to Stay Discovery, filed September 18, 2023 (Dkt. 57); and the associated response and reply briefs. By Text Orders issued September 28, 2023, the District Court referred the motions to this Magistrate Judge for a report and recommendation and disposition, respectively, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

## I. Background

*Pro se* Plaintiff Stephan A. Ricks, who alleges that he has a qualifying visual disability under the Americans with Disabilities Act ("ADA"), brings this disability discrimination lawsuit against

1

Defendants DMA Companies; Overland, Pacific & Cutler LLC ("OPC");[1] Diana McIver; Nichole Guptill; and Roxanne Marroquin. DMA is an Austin, Texas-based company that owns and manages affordable and special needs housing properties, and the individual Defendants appear to be employees of DMA. Dkt. 55 at 2. OPC is a California-based company that "provides relocation and move coordination services." *Id.* OPC contracted with DMA "to provide relocation and/or move coordination services at a DMA property called the RBJ Tower, located at 21 Waller Street, Austin, Texas 78702" ("Property"). *Id.*[2] Ricks lives in an apartment at the Property.

Ricks alleges that he made "multiple requests for reasonable accommodations/modifications that have gone ignored by the named Defendants and Co Defendants." Dkt. 1 at 2. He alleges that he asked DMA to install a "Ring Camera with Ring Chime and Speaker" in his apartment, but DMA installed a different model without conferring with him. Dkt. 1 at 3-4. Ricks also alleges that he made several other requests for reasonable accommodations, but Defendants did not "meet and confer" with him about these requests. Dkt. 6 at 2. In addition, Ricks alleges that after he requested that "all communications from DMA Companies and all associated organizations" be sent to him "in Braille or in another accessible format," he received a letter from Defendant OPC that was not in Braille or another accessible format. *Id.* at 4. Ricks alleges that he could not read the letter, which "contained important information regarding Plaintiff, Mr. Ricks' impending move into new property, The Ladybird." *Id.* at 5. Finally, Ricks alleges that OPC damaged and lost some of his personal items during the move. Dkt. 61 at 1-2.

---

[1] Ricks refers to OPC as "OPC Services" in his pleadings.

[2] OPC alleges: "In entering the contract, it was OPC's understanding that DMA intended to construct new affordable housing units on the property, move residents of the RBJ Tower to the new housing units, rehabilitate the RBJ Tower units, and then move the residents back to the rehabilitated RBJ Tower, depending on whether the residents opted to stay in the new units or return to the tower units." Dkt. 55 at 2.

Ricks filed this suit on August 2, 2022, alleging that Defendants' actions violate Title III of the ADA and the Fair Housing Act ("FHA"). Defendant OPC moves for judgment on the pleadings under Rule 12(c) and asks the Court to stay discovery pending resolution of its Rule 12(c) motion. Ricks opposes both motions.

## II.     Motion to Dismiss

Rule 12(c) provides: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Rule 12(c) motions are "designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Garza v. Escobar*, 972 F.3d 721, 727 (5th Cir. 2020) (cleaned up).

The standard for dismissal under Rule 12(c) is the same as that under Rule 12(b)(6). *Hale v. Metrex Rsch. Corp.*, 963 F.3d 424, 427 (5th Cir. 2020).

> A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). The court must accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012).

OPC argues that all of Ricks' claims against it should be dismissed because Ricks fails to state a plausible claim for relief under either the ADA or FHA. In the alternative, OPC argues that Ricks' claims for injunctive relief under the ADA are moot because the move is complete.

**A. Americans with Disabilities Act**

First, Ricks alleges that OPC violated Title III of the ADA when it sent him a letter regarding his impending move that was not in Braille or in another accessible format, asserting that the "failure to provide equal access to these materials in braille . . . deprived the plaintiff Stephan Ricks of my right to file a claim against Opc services for personal items that were lost, damaged or stolen during this move by Opc Services and overseen by Dma properties." Dkt. 61 at 2. OPC argues that Ricks' ADA claim must be dismissed because "Plaintiff has not alleged a prima facie case that OPC owns, leases, or operates a place of public accommodation under the ADA." Dkt. at 5-6.

Title III of the ADA states: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).[3] To establish a prima facie claim under Title III, a plaintiff must show that (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; (3) the defendant took adverse action against the plaintiff based on the plaintiff's disability; and (4) the defendant failed to make reasonable modifications that would accommodate the plaintiff's disability without fundamentally altering the nature of the public accommodation. *Koester v. Young Men's Christian Ass'n of Greater St. Louis*, 855 F.3d 908, 910 (8th Cir. 2017); *Roberts v. Royal Atl. Corp.*, 542 F.3d 363, 368 (2d Cir. 2008); *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). To be liable under the statute, the defendant "must be a 'person who

---

[3] Under the statute, "private entities are considered public accommodations . . . if the operations of such entities affect commerce" and fall into one of twelve enumerated categories, including "an inn, hotel, motel, or other place of lodging" 42 U.S.C. § 12181(7)(A). OPE does not dispute that the Property is a public accommodation.

4

owns, leases (or leases to), or operates a place of public accommodation.'" *Magee v. Coca-Cola Refreshments USA, Inc.*, 833 F.3d 530, 532 (5th Cir. 2016) (quoting § 12182(a)).

Ricks does not state a plausible claim for relief under Title III because he does not plead that OPC owned, leased, or operated the Property; instead, he refers to OPC as "the moving company" that assisted him with his move. Dkt. 1 at 4. Ricks does not allege that OPC had authority to grant any of his requests for accommodations. Therefore, OPC cannot be considered an "operator" of the Property. *See Neff v. Am. Dairy Queen Corp.*, 58 F.3d 1063, 1066-67 (5th Cir. 1995) (stating that to be considered an "operator" under Title III of the ADA, the person or entity must have control over the modification sought by the plaintiff). Because Ricks does not allege that OPC is the owner, lessor, or operator of the Property, he has not shown that OPC is liable under Title III. *See id.* at 1069-70 (affirming summary judgment on Title III claim when plaintiff failed to show that defendant owned, leased, or operated a place of public accommodation); *Cortez v. Nat'l Basketball Ass'n*, 960 F. Supp. 113, 117-18 (W.D. Tex. 1997) (dismissing Title III claim when plaintiff did not allege that defendant owned, leased, or operated the Astrodome).

Ricks also does not allege that OPC discriminated against him because of his disability. Rather, he appears to allege that OPC was negligent in moving his personal property and lost and damaged some of his property. Dkt. 61 at 1-2. Because he does not allege that any of OPC's actions were because of his disability, Ricks fails to state a plausible claim for relief under the ADA. *See Koester*, 855 F.3d at 910; *Hernandez*, 2022 WL 18019437, at *3. In addition, Ricks does not allege that he asked OPC (as opposed to the other Defendants) for an accommodation.

For all of these reasons, Ricks does not state a plausible claim for relief against OPC under Title III of the ADA.

**B. Federal Housing Act**

The Federal Housing Act prohibits discrimination in the provision of housing. *Artisan/Am. Corp. v. City of Alvin, Tex.*, 588 F.3d 291, 295 (5th Cir. 2009). Relevant here, the FHA prohibits discrimination "in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of . . . that buyer or renter." 42 U.S.C. § 3604(f)(1)(A). The statute also prohibits discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of . . . that person." *Id.* § 3604(f)(2)(A). Discrimination includes:

> (A) a refusal to permit, at the expense of the handicapped person, reasonable modifications of existing premises occupied or to be occupied by such person if such modifications may be necessary to afford such person full enjoyment of the premises except that, in the case of a rental, the landlord may where it is reasonable to do so condition permission for a modification on the renter agreeing to restore the interior of the premises to the condition that existed before the modification, reasonable wear and tear excepted.
>
> (B) a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling.

*Id.* § 3604(f)(3)(A), (B).

An aggrieved person may commence a civil action in an appropriate United States district court or state court not later than two years after the occurrence or the termination of an alleged discriminatory housing practice. *Id.* § 3613(a)(1)(A). To prevail on a claim under § 3604(f)(3), a plaintiff must show that (1) the plaintiff is handicapped within the meaning of 42 U.S.C. § 3602(h); (2) the defendant knew or should reasonably be expected to know of the disability; (3) the accommodation is necessary to afford the handicapped person an equal opportunity to use and enjoy the dwelling; (4) the accommodation is reasonable; and (5) the defendant refused to make the requested accommodation. *Chavez v. Aber*, 122 F. Supp. 3d 581, 595 (W.D. Tex. 2015).

OPC argues, without supporting authority, that because it is "a relocation company and not a housing provider," it cannot be liable under Section 3604 of the FHA. Dkt. 55 at 7. But Section 3604 "does not limit the defendants who may be sued in a civil action." *Cohen v. Twp. of Cheltenham, Pennsylvania*, 174 F. Supp. 2d 307, 320 (E.D. Pa. 2001); *see also* ROBERT G. SCHWEMM, HOUSING DISCRIMINATION LAW AND LITIGATION § 12B:1 (July 2023 Update) (stating that "the substantive provisions of the statute . . . simply declare certain housing practices to be unlawful without specifying who may be held responsible for these practices"). OPC is mistaken that only "housing providers" are liable under Section 3604 of the FHA. The FHA simply refers to "the person or other entity accused in a complaint of an unfair housing practice." *Id.* § 3602(n).

> While it is true that the majority of cases under § 3604(b) involve providers of housing who are also responsible for the services associated with the dwelling, the text of § 3604(b) does not limit its applicability in such a manner and our case law has never held that only housing providers are subject to liability thereunder.

*Ga. State Conf. of the NAACP v. City of LaGrange, Ga.*, 940 F.3d 627, 635 (11th Cir. 2019); *see also Wai v. Allstate Ins. Co.*, 75 F. Supp. 2d 1, 8 (D.D.C. 1999) (rejecting defendant's argument that section 3604(f)(2) only applies to "landlords or providers of housing").

Nonetheless, Ricks has not stated a plausible FHA claim for relief against OPC because he does not allege that he requested an accommodation ***from OPC*** and OPC refused to make the requested accommodation. *Chavez*, 122 F. Supp. 3d at 595. In addition, to be liable under § 3604, the defendant "must have had the power and authority to effectuate the alleged unlawful act." *Treece v. Perrier Condo. Owners Ass'n*, No. 17-10153, 2019 WL 6464984, at *10 (E.D. La. Dec. 2, 2019) (citing *Meadowbriar Home for Child., Inc. v. Gunn*, 81 F.3d 521, 531 (5th Cir. 1996)). Ricks alleges no facts showing that OPC had authority to make modifications to his dwelling.

Because Ricks has not stated a plausible claim for relief against OPC under either ADA or the FHA, the Court recommends that OPC's Motion to Dismiss under Rule 12(c) should be granted.

### III. Recommendation to Grant Motion to Dismiss

This Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Defendant Overland, Pacific & Cutler LLC's Rule 12(c) Motion for Judgment on the Pleadings (Dkt. 55) and **DISMISS** Plaintiff's claims against OPC with prejudice.[4]

If the District Court accepts this recommendation, Plaintiff's claims against Defendant DMA Companies and the individual Defendants will remain pending.

### IV. Order Granting Motion for Protective Order to Stay Discovery

OPC also asks the Court to enter a protective order that stays discovery until the District Court rules on its Motion to Dismiss. Rule 26(c)(1)(A) permits a district court to issue a protective order "forbidding the disclosure of discovery" on a showing of "good cause" in order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987).

The Court finds that a stay of discovery is appropriate because it has recommended that the District Court dismiss all of Ricks' claims against OPE. *See Von Drake v. Nat'l Broad. Co.*, No. 3-04-CV-0652R, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004) ("A stay of discovery may be appropriate where the disposition of a motion to dismiss 'might preclude the need for the discovery altogether thus saving time and expense.'") (quoting *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990)).

The Court **GRANTS** Defendant Overland, Pacific & Cutler LLC's PC's Motion for Protective Order to Stay Discovery (Dkt. 57) until the District Court rules on this Report and Recommendation and OPC's Motion for Judgment on the Pleadings.

---

[4] Ricks does not request leave to amend his Complaint.

It is further **ORDERED** that the Clerk remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable Robert Pitman.

## V.     Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on October 27, 2023.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE