**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| STEPHAN A. RICKS | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| vs. | § | No. 1:22-cv-00773-LY-SH |
| | § | |
| DMA COMPANIES, DIANA MCIVER, | § | |
| NICHOLE GUPTILL, ROXANNE | § | |
| MARROQUIN, OPC SERVICES | § | |
| | § | |
| | § | |
| *Defendants.* | § | |

**JOINT STATUS REPORT**

Pursuant to the Court's Order signed May 9, 2024, Plaintiff Stephan A. Ricks and Defendants DMA Companies, Diana McIver, Nichole Guptill, and Roxanne Marroquin (together, "DMA") hereby submit their Joint Status Report in the above-captioned action.

**Status of Discovery**

1.   **DMA's Assertions:**

DMA asserts that no discovery has been completed. DMA submitted the Joint 26 (f) report on July 27th, 2023, outlining the discovery deadline. The report was submitted without meaningful input from the Plaintiff. On May 9th, 2024, the Court ordered the Plaintiff and DMA to submit a joint status report or dismissal papers to the Court on or before May 23, 2024. DMA forwarded the Order to Plaintiff on May 14th, 2024, informing Plaintiff of the deadline and requesting a conference to discuss the status of the case. From July 27, 2023, to May 17th, 2024, there was no meaningful communication from Plaintiff regarding discovery. On May 17th, 2024, Plaintiff responded to DMA's discovery request without providing any of the requested documents, citing deficiencies in the

request. On May 20th, 2024, Plaintiff requested discovery.

DMA objects to Plaintiff's discovery request as it is well beyond the discovery deadline of March 25, 2024.

Accordingly, DMA asks the court to dismiss the case for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. In the event the court does not dismiss the case, DMA asks the court to compel production of discovery and extend the dispositive motion deadline.

## 2.      Plaintiff's Assertions:

Plaintiff Stephan A. Ricks asserts that DMA Companies, Diana McIver, Nichole Guptill, and Roxanne Marroquin have failed to accommodate his disability, thus violating the Fair Housing Act (42 U.S.C. § 3604(f)(3)(B)), which requires reasonable accommodations in rules, policies, practices, or services when such accommodations may be necessary to afford a person with a disability an equal opportunity to use and enjoy a dwelling.

The Plaintiff, being blind, has faced significant barriers in accessing the discovery process in a timely manner, as outlined under the Americans with Disabilities Act (42 U.S.C. § 12132), which mandates public entities to provide appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities. The failure to provide such accommodations by the Defendants has significantly hindered the Plaintiff's ability to respond promptly.

Contrary to DMA's assertions, Plaintiff has made consistent efforts to communicate and engage in the discovery process but has been impeded by the lack of accessibility accommodations from DMA. This failure to provide reasonable accommodations constitutes a violation of the Plaintiff's rights under the Rehabilitation Act of 1973 (29 U.S.C. § 794), which prohibits discrimination on the basis of disability in programs receiving federal financial

assistance.

The Plaintiff asserts that the discovery deadline of March 25, 2024, should be extended due to the Defendants' failure to accommodate the Plaintiff's disability. This extension is necessary to ensure compliance with Rule 16(b)(4) of the Federal Rules of Civil Procedure, which allows for modification of a scheduling order upon a showing of good cause. The Plaintiff's inability to access requested documents and communicate effectively due to his disability constitutes good cause.

Plaintiff requests the Court to deny DMA's motion to dismiss under Rule 41(b) of the Federal Rules of Civil Procedure. The Plaintiff's lack of immediate access to requested documents and meaningful communication has been directly caused by the Defendants' non-compliance with federal disability laws. Therefore, the Plaintiff should not be penalized for delays that were beyond his control.

Plaintiff further requests the Court to compel DMA to produce the requested discovery documents and extend the dispositive motion deadline, ensuring that the Plaintiff has a fair opportunity to present his case. This request is made in accordance with Rule 37(a) of the Federal Rules of Civil Procedure, which provides for motions to compel discovery and for appropriate sanctions when a party fails to cooperate in the discovery process.

Request for Extension: The Plaintiff respectfully requests that the Court grant an extension of the discovery deadline and any other relevant deadlines in this case. Given the Plaintiff's blindness and the Defendants' failure to provide necessary accommodations, the Plaintiff has faced extraordinary challenges in complying with the existing schedule. An extension is essential to ensure that the Plaintiff's rights are fully protected and that he has a fair opportunity to present his case. This request is made under the principles of equity and justice as

articulated in Supreme Court precedent, including Tennessee v. Lane, 541 U.S. 509 (2004), which emphasizes the need for courts to ensure that individuals with disabilities have meaningful access to the judicial process.

Dated: May 22, 2024

Respectfully submitted,

*/s/ Christopher J. Kronzer*
Christopher J. Kronzer
Texas State Bar No. 24060120
kronzer@hooverslovacek.com
**HOOVER SLOVACEK LLP**
Galleria Office Tower 2
5051 Westheimer, Suite 1200
Houston, Texas 77056
T: (713) 977-8686
F: (713) 977-5395

**ATTORNEY FOR DEFENDANTS
DMA COMPANIES, DIANA MCIVER,
NICHOLE GUPTILL & ROXANNE
MARROQUIN**

Dated: May 23, 2024

Respectfully submitted,

*/s/ Stephan A. Ricks* (w/ permission)
Stephan A. Ricks

**PLAINTIFF**