7/10/2024

FILED
2024 JUL 10 PM 1:46

UNITED STATES DISTRICT COURT WESTERN DISTRICT OF TEXAS AUSTIN DIVISION

**STEPHAN RICKS, Plaintiff,**

v.

**DMA PROPERTIES and OPC SERVICES, Defendants.**

Case No. 22-CV-00773-RP

**PLAINTIFF'S MOTION TO REINSTATE DEFENDANT OPC SERVICES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b)**

**TO THE HONORABLE JUDGE ROBERT PITMAN:**

Plaintiff Stephan Ricks ("Plaintiff"), representing himself, respectfully moves this Court to reinstate Defendant OPC Services ("OPC") pursuant to Federal Rule of Civil Procedure 60(b). This motion is based on newly discovered evidence, misrepresentation by OPC, and the existence of material facts still pending. Furthermore, Plaintiff requests the Court to compel OPC Services to produce discovery material relevant and proportionate to this case, as OPC is still in possession of such material. In support of this motion, Plaintiff states as follows:

## I. INTRODUCTION

The wheels of justice turn slowly, but they must turn true. This axiom finds particular resonance in cases involving the rights of individuals with disabilities, where our society's commitment to equality and inclusion is tested. In this case, new evidence has come to light that not only justifies but compels the reinstatement of Defendant OPC Services. This evidence strikes at the heart of OPC's previous representations to this Court and undermines the basis upon which they were dismissed from this action.

Moreover, this motion seeks to address a grave injustice that occurred in August 2022, when Magistrate Judge Susan Hightower denied Plaintiff Ricks' request for auxiliary aids. This denial stands in stark contrast to the principles established by the Supreme Court in *Tennessee v. Lane* (2004) and violates the spirit and letter of the Americans with Disabilities Act (ADA) and the Rehabilitation Act of 1973.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) provides a mechanism for relief from a final judgment, order, or proceeding. Specifically, Rule 60(b) states:

"On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; ... (6) any other reason that justifies relief."

## III. ARGUMENT

### A. Newly Discovered Evidence Warrants Reinstatement

Plaintiff has recently obtained an audio recording from Aug.16th of 2022 of an OPC representative, Andres Junca, explicitly stating that they had no obligation to provide reasonable accommodations to Plaintiff, a blind individual, under the ADA and the Rehabilitation Act of 1973. This statement directly contradicts OPC's previous representations to this Court and undermines the basis for their dismissal from this action.

### B. Misrepresentation and Fraud on the Court

The newly discovered evidence also suggests that OPC may have engaged in misrepresentation or fraud on the Court. In *Rozier v. Ford Motor Co.*, the Fifth Circuit held that relief under Rule 60(b)(3) for fraud or misrepresentation requires:

1. The misconduct complained of was material to the matter before the court;
2. The misconduct is established by clear and convincing evidence; and
3. The moving party exercised due diligence in discovering the misconduct.

573 F.2d 1332, 1339 (5th Cir. 1978).

The audio recording provides clear and convincing evidence that OPC misrepresented its obligations under the ADA and Rehabilitation Act. This misrepresentation was material to the Court's decision to dismiss OPC from the case.

### C. Denial of Auxiliary Aids: A Clear Violation of Constitutional Rights

In August 2022, Magistrate Judge Susan Hightower denied Plaintiff Ricks' motion requesting auxiliary aids, basing her decision on the opinion that the blind plaintiff was "doing well" without these aids. This ruling is not only at odds with the Supreme Court's decision in *Tennessee v. Lane* (2004) but also violates the fundamental principles of the ADA and the Rehabilitation Act of 1973.

In *Tennessee v. Lane*, Justice Stevens, writing for the majority, emphasized:

"The unequal treatment of disabled persons in the administration of judicial services has a long history, and has persisted despite several legislative efforts to remedy the problem of disability discrimination."

This statement underscores the Court's recognition of the systemic barriers faced by individuals with disabilities in accessing justice. By denying Plaintiff Ricks the auxiliary aids he requested, Magistrate Judge Hightower has perpetuated this unequal treatment and ignored the Supreme Court's clear directive.

Furthermore, the Fifth Circuit has consistently upheld the rights of individuals with disabilities to receive reasonable accommodations. In *Frame v. City of Arlington*, 657 F.3d 215 (5th Cir. 2011), the court stated:

"The ADA is a 'broad mandate' of 'comprehensive character' and 'sweeping purpose' intended 'to eliminate discrimination against disabled individuals, and to integrate them into the economic and social mainstream of American life.'"

This ruling emphasizes the expansive nature of the ADA and the obligation of public entities to provide reasonable accommodations, including auxiliary aids.

### D. Plaintiff's Diligence and Defendants' Lack of Cooperation

Throughout this legal process, Plaintiff Ricks has demonstrated exceptional diligence in pursuing justice, despite facing significant hardships due to his disability. The defendants, OPC Services and DMA Properties, have been less than cooperative, particularly in the discovery process. This lack of cooperation has further exacerbated the challenges faced by Plaintiff Ricks in his pursuit of justice.

As the Supreme Court noted in *Tennessee v. Lane*:

"Congress enacted Title II against a backdrop of pervasive unequal treatment in the administration of state services and programs, including systematic deprivations of fundamental rights."

This backdrop of unequal treatment is precisely what Plaintiff Ricks has encountered in his interactions with the defendants and, regrettably, in the denial of auxiliary aids by Magistrate Judge Hightower.

### E. The Court's Discretion Under Rule 60(b)

This Court has broad discretion to grant relief under Rule 60(b). As the Fifth Circuit noted in *Seven Elves, Inc. v. Eskenazi*, "Rule 60(b) is to be construed liberally to do substantial justice." 635 F.2d at 401. The court further stated that "any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits." Id.

In exercising this discretion, the Court should consider the following factors:

1. That final judgments should not be lightly disturbed;
2. That the Rule 60(b) motion is not to be used as a substitute for appeal;
3. That the rule should be liberally construed in order to achieve substantial justice;

4. Whether the motion was made within a reasonable time;
5. Whether, if the judgment was a default or a dismissal in which there was no consideration of the merits, the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense;
6. Whether there are any intervening equities that would make it inequitable to grant relief; and
7. Any other factors relevant to the justice of the judgment under attack.

Id. at 402.

In this case, these factors weigh heavily in favor of granting relief. The motion is not being used as a substitute for appeal, but rather is based on newly discovered evidence. The interest in deciding the case on its merits is particularly strong given the importance of ADA and Rehabilitation Act claims.

### F. Plaintiff's Request for Additional Discovery Time

Given the newly uncovered evidence and the obstacles Plaintiff Ricks has faced in obtaining discovery due to the lack of cooperation from Defendants OPC Services and DMA Properties, Plaintiff respectfully requests additional time for discovery. This request is made to ensure that all relevant and proportionate discovery material is obtained and that justice is served.

### IV. CONCLUSION

The newly discovered evidence, potential misrepresentation by OPC, and the existence of unresolved material facts all point to the necessity of reinstating OPC as a defendant in this case. Moreover, the denial of auxiliary aids to Plaintiff Ricks by Magistrate Judge Hightower represents a clear violation of his constitutional rights and stands in direct opposition to the principles established in *Tennessee v. Lane* and upheld by the Fifth Circuit.

As Justice Ginsburg eloquently stated in her concurrence in *Tennessee v. Lane*:

"Including individuals with disabilities among people who count in composing 'We the People,' Congress understood in shaping the ADA, would sometimes require not blindfolded equality, but responsiveness to difference; not indifference, but accommodation."

This case presents an opportunity for this Court to reaffirm its commitment to these principles and to ensure that the protections afforded by the ADA and Rehabilitation Act are given their full effect. By reinstating OPC Services and addressing the erroneous denial of auxiliary aids, this Court can take a significant step towards ensuring equal access to justice for individuals with disabilities.

WHEREFORE, Plaintiff respectfully requests that this Court grant this motion, reinstate Defendant OPC Services in this action, require OPC Services to turn over all relevant discovery material, and take appropriate measures to address the denial of auxiliary aids to Plaintiff Ricks.

Additionally, Plaintiff requests the Court to allow him to file documents electronically to ensure equal access to the court and the legal process.

Respectfully submitted,

*Stephan A. Ricks*
All Rights Reserved

Stephan Ricks
1320 Art Dilly Drive, Apt. 2143
Austin, TX 78702
(512) 507-1488
sir.stephan1@icloud.com