**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| STEPHAN A. RICKS<br><br>*Plaintiff,*<br><br>vs.<br><br>DMA COMPANIES, DIANA MCIVER, NICHOLE GUPTILL, ROXANNE MARROQUIN, OPC SERVICES<br><br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 1:22-cv-00773-RP |

**DEFENDANT OVERLAND, PACIFIC & CUTLER LLC'S RESPONSE TO PLAINTIFF'S MOTION TO REINSTATE**

Plaintiff Stephan A. Ricks seeks to reinstate his claims against Defendant Overland, Pacific & Cutler, LLC ("OPC") based on the alleged discovery of a recording of a communication between Plaintiff and an OPC representative, which Plaintiff claims is evidence of OPC's misrepresentation of its obligations under the Americans with Disabilities Act (the "ADA") and Rehabilitation Act. Because the recording (as described by Plaintiff) does not address the fatal pleading deficiencies that were the basis for the Court's dismissal, Plaintiff has not met his burden for establishing relief under Fed. R. Civ. P. 60(b).

On December 8, 2023, the Court issued an Order (1) adopting the October 27, 2023 Order and Report and Recommendation of the United States Magistrate Judge (the "Recommendation," Dkt. 62), (2) granting OPC's Rule 12(c) Motion for Judgment on the Pleadings (Dkt. 55), and (3) dismissing Plaintiff's claims against OPC with prejudice (the "Order," Dkt. 69). In doing so, the Court adopted findings that Plaintiff failed to state plausible claims for relief against OPC under the ADA because he did not allege facts showing that OPC (1) owned, leased or operated the property at issue, or (2) discriminated against him because of his disability. Recommendation, at

5. On July 10, 2024, Plaintiff filed a Motion to Reinstate Defendant OPC Services Pursuant to Federal Rule of Civil Procedure 60(b) (the "Motion," Dkt. 78) wherein he seeks to reinstate his ADA claims against OPC.[1] OPC opposes the relief sought.

Plaintiff argues that OPC should be reinstated as a defendant because he claims to have discovered evidence that "directly contradicts OPC's previous representations to this Court and undermines the basis for their dismissal from this action." Motion at 2. Plaintiff further argues that OPC made misrepresentations or perpetrated a fraud on the Court. *Id*. Plaintiff's "newly discovered evidence" purports to be an August 16, 2022 recording involving "an OPC representative, Andres Junca." *Id*. Plaintiff alleges that the recording includes a statement by Mr. Junca that "[OPC] had no obligation to provide reasonable accommodations to Plaintiff." *Id*. Plaintiff has not made this recording available to OPC or to the Court. But even if Plaintiff has accurately recounted the identity and capacity of the speaker, as well as the content of the recording, it does not warrant relief under Rule 60(b). If anything, this "newly discovered evidence" is entirely consistent with OPC's position that Plaintiff did not (and could not) establish that OPC in fact owed him any duty under the ADA.

Moreover, Plaintiff's "newly discovered evidence"—even if it were reduced to allegations in an amended pleading—does nothing to remedy the defects upon which the dismissal of his claims against OPC with prejudice was based. In the Recommendation, the Magistrate Judge held that Plaintiff's ADA claim should be dismissed with prejudice for three primary reasons:

- Plaintiff did not "plead that OPC owned, leased, or operated" the property at issue or "had authority to grant any of his requests for accommodations" [Recommendation at 5];

[1] The Motion makes no mention of the Fair Housing Act ("FHA") claim, which was similarly dismissed for failure to state a plausible claim for relief against OPC. Recommendation at 7. To the extent Plaintiff's motion can be interpreted as attempting to revive this claim, OPC objects for the same reasons stated herein.

- Plaintiff did not "allege that OPC discriminated against him because of his disability" [*id.*]; and
- Plaintiff did not "allege that he asked OPC (as opposed to the other Defendants) for an accommodation" [*id.*].

The Court adopted the Recommendation on December 8, 2023. Order at 1.

Because the Motion neither remedies the defects of the pleadings that were the basis of the dismissal nor describes any actionable misconduct by OPC or its counsel, OPC respectfully requests that the Motion be denied.

Dated: July 24, 2024

Respectfully submitted,

*/s/ Katherine P. Chiarello*
Katherine P. Chiarello
State Bar No. 24006994
katherine@bccaustin.com

**BOTKIN CHIARELLO CALAF, PLLC**
1209 Nueces Street
Austin, Texas 78701
T: (512) 615-2341
F: (737) 289-4695

**ATTORNEY FOR DEFENDANT OVERLAND, PACIFIC & CUTLER, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that, on July 24, 2024, Defendant Overland, Pacific, and Cutler, LLC's *Response to Plaintiff's Motion to Reinstate* was electronically filed with the Court by using the Western District of Texas's CM/ECF filing system, which provided notice of the filing to all CM/ECF participants, and on Plaintiff via email and Certified Mail Return Receipt Requested at the following address.

Stephan A. Ricks
1320 Art Dilly Dr., Apt. 2143
Austin, TX 78702
Bigdaddy50000@gmail.com
Sir.stephan1@icloud.com

*/s/ Katherine P. Chiarello*
Katherine P. Chiarello