IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| STEPHAN A. RICKS, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:22-CV-773-RP |
| DMA COMPANIES, DIANA McIVER, NICHOLE GUPTILL, ROXANNE MARROQUIN, and OPC SERVICES, | § § § § § | |
| Defendants. | § § | |

## **ORDER**

Before the Court is Plaintiff Stephan A. Ricks's ("Plaintiff") demand for a jury trial. (Dkt. 76). Defendants DMA Companies, Diana McIver, Nichole Guptill, and Roxanne Marroquin (collectively, "Defendants") did not respond.

A party waives its right to a jury trial unless he files a timely and proper jury demand. *See* Fed. R. Civ. P. 38(d). In the absence of a proper, timely jury demand, the Court has discretion to order a jury trial if the issues are triable to a jury. *See* Fed. R. Civ. P. 39(b). The Court should exercise its discretion in favor of a jury trial unless there are "strong and compelling reasons to the contrary." *See Daniel Intern. Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990). In making this determination, the Court considers five factors: (1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of an adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial. *Id.* A Court does not abuse its discretion by denying a Rule 39(b) motion where the failure to file a timely jury demand is the result of mere inadvertence by the moving party. *See Farias v. Bexas County Bd. of Trustees*, 925 F.2d 866, 873 (5th Cir. 1991); *Lewis v. Thigpen*, 767 F.2d 252, 257 (5th Cir.

1985). However, a pro se litigant's credible claim of incompetence or ignorance of the requirement of filing a timely jury demand, in the absence of "strong and compelling reasons to the contrary," requires the Court to exercise its discretion under Rule 39(b) to grant him a jury trial. *Lewis*, 767 F.2d at 256–59.

Here, Plaintiff has not offered any "viable reasons for his delay and therefore we assume the delay resulted from mere inadvertence." *Farias*, 925 F.2d at 873. While the Court notes that Plaintiff is blind and proceeding *pro se*, Plaintiff has engaged previously in litigation in this Court. *See Ricks v. Texas State Law Library*, 1:10-cv-185-LY (filed Mar. 19, 2010). In that case, Plaintiff moved for a jury trial seven months after filing suit, which the Court granted. *See id.* (Dkt. 49) (granting Plaintiff's demand for jury trial). Thus, Plaintiff was on notice of the requirement to file a timely and proper jury demand. Instead, Plaintiff waited nearly two years after initiating this suit to demand a jury trial, and he has not provided any justification for his delay in doing so. Accordingly, the Court will exercise its discretion and deny Plaintiff's demand for a jury trial.

Accordingly, **IT IS ORDERED** that Plaintiff's demand for a jury trial, (Dkt. 76), is **DENIED**.

**SIGNED** on July 24, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE