22-CV-00773-RP
7/29/2024

FILED
2024 JUL 29 PM 1:02
CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

<u>"Blind Justice Betrayed: Unmasking Judicial Bias and Restoring Equal Access in the Fifth Circuit"</u>

Motion for Recusal of Judge Robert Pitman and Judge Susan Hightower

## INTRODUCTION

Plaintiff Stephan Ricks, a blind individual, respectfully moves this Court for the recusal of Judge Robert Pitman and Judge Susan Hightower pursuant to 28 U.S.C. § 455. The judges' persistent denial of reasonable accommodations and auxiliary aids requested by Plaintiff Ricks demonstrates bias against individuals with disabilities and prevents Plaintiff from meaningfully participating in court proceedings. This pattern of denials violates the Americans with Disabilities Act (ADA) and Rehabilitation Act, warranting recusal to ensure impartiality and equal access to justice.

## I. Legal Standard for Recusal

Under 28 U.S.C. § 455(a), a federal judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Recusal is appropriate when a judge's actions create an appearance of bias or prejudice against a party. As the Fifth Circuit has held:
"The standard for recusal under 28 U.S.C. § 455 is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." United States v. Jordan, 49 F.3d 152, 155 (5th Cir. 1995).

## II. Pattern of Denying Reasonable Accommodations

For over two years, Plaintiff Ricks has repeatedly requested reasonable accommodations and auxiliary aids to enable his full participation in court proceedings, including:

- Qualified readers
- Note-takers
- Real-time transcription services
- Accessible electronic documents

These requests have been consistently denied or ignored by Judges Pitman and Hightower, despite Plaintiff's clear qualification for such accommodations under the ADA and Rehabilitation Act. This pattern demonstrates bias against individuals with disabilities and violates federal law requiring courts to provide accommodations.

As the Supreme Court has emphasized:

"The ADA requires employers to make 'reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability.'" US Airways, Inc. v. Barnett, 535 U.S. 391, 396 (2002).

III. Denial of Meaningful Participation

The judges' refusal to provide accommodations has severely impaired Plaintiff's ability to participate in his own case. Without access to court documents, transcripts, and other materials in accessible formats, Plaintiff cannot adequately prepare arguments, review evidence, or engage in the litigation process. This denial of access is analogous to:

1. Requiring a wheelchair user to climb stairs to enter the courtroom
2. Forcing a deaf individual to participate without a sign language interpreter
3. Expecting a non-English speaker to proceed without translation services
4. Demanding a person with dyslexia read complex legal documents without assistance

As the Fifth Circuit has recognized:

"The ADA was enacted to eliminate discrimination against individuals with disabilities and to create causes of action for qualified people who have faced discrimination." Frame v. City of Arlington, 657 F.3d 215, 223 (5th Cir. 2011).

IV. Violation of Right to Jury Trial

Most egregiously, the judges recently denied Plaintiff Ricks his constitutional right to a jury trial, likely due to the perceived inconvenience of accommodating a blind juror. This blatant violation of Plaintiff's rights further demonstrates bias and a failure to uphold the law.

The Fifth Circuit has held:

"The right to a jury trial in civil cases is a fundamental right expressly protected by the Seventh Amendment to the United States Constitution." Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry, 494 U.S. 558, 564 (1990).

V. Appearance of Bias and Prejudice

The persistent denial of accommodations, coupled with the violation of Plaintiff's right to a jury trial, creates a clear appearance of bias against individuals with disabilities. A reasonable observer would conclude that Judges Pitman and Hightower are unwilling or unable to fairly adjudicate cases involving disabled litigants.

As the Fifth Circuit has stated:

"The judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue." United States v. Jordan, 49 F.3d 152, 156 (5th Cir. 1995).

Rather, the focus is on the appearance of impartiality from the perspective of a reasonable observer.

CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that Judges Robert Pitman and Susan Hightower recuse themselves from this case. Their pattern of denying reasonable accommodations and violating Plaintiff's rights has created an appearance of bias that would cause a reasonable person to question their impartiality. Recusal is necessary to ensure equal access to justice and uphold the integrity of these proceedings.

Respectfully submitted,

*Stephan A. Ricks*
All Rights Reserved

Stephan Ricks, Pro Se
1320 Art Dilly Dr., Apartment 2143
Austin, TX 78702
Email: sir.stephan1@icloud.com
Phone: 512-507-1488