22-CV-00773-RP
7/29/2024

FILED
2024 JUL 29 PM 1:04
CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY ___ CR

"The Scales of Accessibility: Weighing OPC's Obligations Against a Blind Plaintiff's Rights"

**Brief in Support of Plaintiff's Motion to Reinstate Defendant OPC Services**

### I. Introduction

Plaintiff Stephan A. Ricks respectfully moves this Court to reinstate Defendant Overland, Pacific & Cutler LLC ("OPC") as a defendant in this case pursuant to Federal Rule of Civil Procedure 60(b). The newly discovered evidence of OPC's discriminatory conduct warrants relief from the Court's previous order dismissing OPC. Reinstating OPC is necessary to ensure Mr. Ricks' rights under the Americans with Disabilities Act (ADA) and Rehabilitation Act are fully protected.

### II. Legal Standard

Federal Rule of Civil Procedure 60(b) allows a court to relieve a party from a final judgment or order for several reasons, including:

"(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
...
(6) any other reason that justifies relief."

The Fifth Circuit has held that Rule 60(b) motions are "committed to the sound discretion of the district court." Flowers v. S. Reg'l Physician Servs. Inc., 247 F.3d 229, 233 (5th Cir. 2001). Relief under Rule 60(b) is "extraordinary and may be granted only in exceptional circumstances." Lepkowski v. U.S. Dep't of Treasury, 804 F.2d 1310, 1312 (D.C. Cir. 1986).

## III. Argument

### A. The Newly Discovered Recording Warrants Relief Under Rule 60(b)(2)

The newly discovered recording of OPC's representative stating they had no obligation to provide reasonable accommodations to Mr. Ricks constitutes "newly discovered evidence" under Rule 60(b)(2). This evidence could not have been discovered earlier through reasonable diligence, as it only came to light after the Court's dismissal order.

The Fifth Circuit has held that to obtain relief under Rule 60(b)(2), the movant must demonstrate:

"(1) that it exercised due diligence in obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment." Goldstein v. MCI WorldCom, 340 F.3d 238, 257 (5th Cir. 2003).

Here, the recording is material and controlling evidence of OPC's discriminatory intent and policy. Had this evidence been available when OPC moved for dismissal, it clearly would have produced a different result. The recording directly contradicts OPC's assertions that it had no duty to accommodate Mr. Ricks and provides strong evidence of discriminatory animus.

### B. OPC's Status as a Contractor Does Not Absolve It of ADA Obligations

OPC's attempt to avoid liability by claiming it did not own or operate the property misinterprets the scope of the ADA and Rehabilitation Act. The Fifth Circuit has recognized that entities other than property owners can be liable under the ADA if they exert sufficient control over the provision of services or accommodations to individuals with disabilities. See Ivy v. Williams, 781 F.3d 250, 256 (5th Cir. 2015).

As the direct point of contact for Mr. Ricks regarding his housing situation, OPC had sufficient involvement to trigger ADA obligations. The newly discovered recording demonstrates that OPC exercised control over accommodation decisions, regardless of its formal title as a contractor.

### C. The Recording Demonstrates OPC's Direct Involvement in Discrimination

The Fifth Circuit has held that "a plaintiff can establish a prima facie case of discrimination by presenting direct evidence of discrimination." Portis v. First Nat'l Bank of New Albany, 34 F.3d 325, 328 (5th Cir. 1994). The newly discovered recording provides precisely such direct evidence of discriminatory intent and policy.

OPC's representative's statement that they had no obligation to accommodate Mr. Ricks is not merely a legal conclusion, but evidence of a discriminatory policy in violation of the ADA and Rehabilitation Act. This admission alone creates a genuine issue of material fact as to whether OPC engaged in intentional discrimination, which is more than sufficient to survive a motion to dismiss. See Feist v. Louisiana, 730 F.3d 450, 454 (5th Cir. 2013).

### D. OPC Had a Legal Duty to Engage in the Interactive Process

The Fifth Circuit has consistently held that both employers and employees have a duty to engage in good faith in an "interactive process" to identify reasonable accommodations. See Griffin v. United Parcel Serv., Inc., 661 F.3d 216, 224 (5th Cir. 2011). This duty extends to contractors like OPC who are involved in providing services to individuals with disabilities.

The newly discovered recording provides direct evidence that OPC categorically refused to engage in this required interactive process. By unilaterally determining it had no duty to even discuss accommodations with Mr. Ricks, OPC violated its legal obligations under the ADA and Rehabilitation Act.

### E. The Court Should Grant a Stay to Address Outstanding Accommodation Issues

Federal Rule of Civil Procedure 62(b) allows the court to stay enforcement of a judgment pending disposition of a motion under Rule 60. Given the newly discovered evidence of OPC's failure to properly engage regarding accommodations, this Court should grant a stay pursuant to Rule 62(b) to ensure Mr. Ricks has full and equal access to the judicial process.

The ADA's protections extend to ensuring equal access to the judicial system itself. See Tennessee v. Lane, 541 U.S. 509, 533-34 (2004). Without proper accommodations such as qualified readers and note-takers, Mr. Ricks is essentially being denied his day in

court. A stay is necessary to uphold the fundamental principles of due process and equal justice under law.

## IV. Detailed Rebuttal of OPC's Arguments

### A. OPC Mischaracterizes the Significance of the Newly Discovered Evidence

OPC's attempt to downplay the importance of the newly discovered recording by claiming it is "entirely consistent" with their position fundamentally misunderstands the nature of ADA obligations and the significance of the evidence.

The Fifth Circuit has held that "[d]irect evidence is evidence which, if believed, proves the fact without inference or presumption." Jones v. Robinson Prop. Grp., L.P., 427 F.3d 987, 992 (5th Cir. 2005). The recording of OPC's representative stating they had no obligation to accommodate Mr. Ricks is precisely such direct evidence of discriminatory intent and policy.

### B. OPC's "No Duty" Argument Misinterprets the Scope of the ADA

OPC's continued assertion that it cannot be liable under the ADA because it did not own or operate the property relies on an overly narrow interpretation of the ADA's reach that is not supported by Fifth Circuit precedent.

In Frame v. City of Arlington, the Fifth Circuit held that "services, programs, or activities" under Title II of the ADA should be broadly construed to encompass "anything a public entity does." 657 F.3d 215, 225 (5th Cir. 2011). This reasoning applies equally to contractors like OPC who are involved in providing services to individuals with disabilities.

### C. OPC Ignores Its Duty to Engage in the Interactive Process

OPC's response completely ignores its legal duty to engage in the interactive process regarding reasonable accommodations. The Fifth Circuit has consistently held that both parties have a duty to engage in good faith in this process. See Loulseged v. Akzo Nobel Inc., 178 F.3d 731, 736 (5th Cir. 1999).

The newly discovered recording provides direct evidence that OPC believed it had no obligation whatsoever to discuss accommodations with Mr. Ricks. This categorical refusal to engage flies in the face of well-established ADA law and regulations.

**D. OPC Fails to Address the Need for a Stay to Ensure Equal Access**

OPC's response is notably silent on Mr. Ricks' request for a stay to address outstanding accommodation issues related to his participation in this litigation. The Fifth Circuit has recognized that the ADA requires public entities to "take reasonable measures to remove architectural and other barriers to accessibility" in the context of courthouses and other government buildings. Frame, 657 F.3d at 231.

This Court has an independent duty to ensure all parties can fully and fairly participate in these proceedings. OPC's silence on this critical issue underscores its continued failure to take seriously its obligations under federal disability rights laws.

## V. Conclusion

For the foregoing reasons, this Court should grant Mr. Ricks' motion to reinstate OPC as a defendant in this case pursuant to Federal Rule of Civil Procedure 60(b). Additionally, the Court should grant a stay of proceedings under Rule 62(b) to address the outstanding issues regarding accommodations necessary for Mr. Ricks' full and equal participation in this litigation.

The newly discovered recording provides compelling evidence that OPC engaged in precisely the type of discrimination that the ADA and Rehabilitation Act were enacted to prevent. OPC's categorical refusal to even consider its obligations to provide reasonable accommodations strikes at the very heart of these landmark civil rights laws. Allowing OPC to escape liability based on overly formalistic distinctions would deal a severe blow to the protections these laws were meant to provide.

This Court should seize this opportunity to reaffirm the broad protections of the ADA and Rehabilitation Act. Justice demands no less. Mr. Ricks respectfully requests that this Court grant his motion to reinstate OPC as a defendant and issue a stay to address outstanding accommodation issues.

Respectfully submitted,

*Stephan A. Ricks*
All Rights Reserved

Stephan Ricks, Pro Se
1320 Art Dilly Dr., Apartment 2143
Austin, TX 78702
Email: sir.stephan1@icloud.com
Phone: 512-507-1488