UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| STEPHAN A. RICKS,<br>*Plaintiff*<br><br>v.<br><br>DMA COMPANIES, DIANA McIVER,<br>NICHOLE GUPTILL, and ROXANNE<br>MARROQUIN,<br>*Defendants* | §<br>§<br>§<br>§<br>§   Case No. 1:22-CV-773-RP-SH<br>§<br>§<br>§<br>§ |

### ORDER

Now before the Court is Plaintiff Stephan A. Ricks' Motion for Appointment of Counsel, filed August 2, 2022 (Dkt. 3).[1]

Ricks, who is blind, alleges that his property management company, DMA Companies, and three DMA employees[2] denied his requests for reasonable modifications to his apartment, in violation of Title III of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act. He filed this suit *pro se* and moved (1) to proceed "without prepayment of fees or security therefor" under 28 U.S.C. § 1915(a), and (2) for the appointment of counsel. Dkts. 2-3. After determining that Ricks could not afford the filing fee, the Court granted Ricks *in forma pauperis* status. Dkt. 5. On August 25, 2022, the Court denied Ricks' motion for the appointment of counsel, finding that he could adequately represent himself at that time. Dkt. 7 at 3. Based on the evolution of this case and the numerous motions Ricks has filed, the Court *sua sponte* reconsiders its previous order and now finds that Ricks' Motion for Appointment of Counsel should be granted.

---

[1] On August 2, 2022, the District Court referred all non-dispositive and dispositive motions to this Magistrate Judge for disposition and report and recommendation, respectively, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Dkt. 4.

[2] Ricks also sued Overland, Pacific & Cutler LLC, a purported moving company, but it was dismissed with prejudice on December 8, 2023. Dkt. 69.

1

The Court may appoint counsel in *in forma pauperis* proceedings pursuant to 28 U.S.C. § 1915(e)(1). While district courts have discretion under § 1915(e)(1) to appoint an attorney to represent an *in forma pauperis* litigant, "the appointment of counsel in a civil case is a privilege and not a constitutional right. It should be allowed in civil actions only in exceptional cases." *Lopez v. Reyes,* 692 F.2d 15, 17 (5th Cir. 1982). The Fifth Circuit has identified factors courts should consider to determine whether exceptional circumstances warrant the appointment of counsel, including: (1) the type and complexity of the case; (2) the plaintiff's ability to adequately present and investigate his case; (3) the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and in cross-examination; and (4) the likelihood that appointment will benefit the plaintiff, the court, and the defendants by shortening the trial and assisting in just determination. *Tampico v. Martinez*, 987 F.3d 387, 392 (5th Cir. 2021).

The Court has carefully considered the relevant factors and concludes that counsel should be appointed based on the circumstances presented at this stage of the litigation. In particular, appointment of counsel likely will benefit Ricks, the Court, and Defendants by promoting efficient and just adjudication of Ricks' claims.

Accordingly, the Court **VACATES** its previous Order (Dkt. 7) and **GRANTS** Plaintiff's Motion for Appointment of Counsel (Dkt. 3). The Court **HEREBY APPOINTS** the following attorneys to represent Stephan Ricks in this case:

| | |
|---|---|
| Rebecca Webber | Lia Sifuentes Davis |
| Webber Law | The University of Texas School of Law |
| rebecca@rebweblaw.com | Director \| Civil Rights Clinic |
| 512-537-8833 | lia.davis@law.utexas.edu |
| | 512-232-7222 |

If appropriate, Ricks' counsel may seek attorneys' fees and costs as an award from the Court or as permitted under the Western District of Texas Standing Order Adopting Third Amended Plan for the Reimbursement of Attorney Expenses in Civil Cases, which is available on the website for the U.S. District Court for the Western District of Texas at https://www.txwd.uscourts.gov/judges-information/standing-orders/.

Because Ricks is now represented by counsel, all pleadings on his behalf must be filed by his counsel and not by Plaintiff. Counsel for Ricks are **ORDERED** to review the docket, including his pending motions, and notify the Court by **September 6, 2024**, whether he wishes to proceed with or withdraw his pending motions.

**SIGNED** on August 21, 2024.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE