UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| STEPHAN A. RICKS,<br>　*Plaintiff*<br><br>v.<br><br>DMA COMPANIES, DIANA McIVER, NICHOLE GUPTILL and ROXANNE MARROQUIN,<br>　*Defendants* | §<br>§<br>§<br>§<br>§   Case No. 1:22-CV-00773-RP<br>§<br>§<br>§<br>§ |

### ORDER AND REPORT AND RECOMMENDATION

TO:　THE HONORABLE ROBERT PITMAN
　　　UNITED STATES DISTRICT JUDGE

Now before the Court are Plaintiff's Motion for Issuance of Subpoenas and Service by U.S. Marshals, filed July 10, 2024 (Dkt. 77); Plaintiff's Motion to Reinstate Defendant Overland, Pacific & Cutler, LLC, filed July 10, 2024 (Dkt. 78); Plaintiff's Motions to Exclude Expert Witness Testimony, filed July 10, 2024, and July 19, 2024 (Dkts. 79, 85); Plaintiff's Moton for Temporary Injunction, filed July 10, 2024 (Dkt. 80); Plaintiff's Motion for Reconsideration of Denial of Auxiliary Aids and Services, filed July 19, 2024 (Dkt. 83); Plaintiff's Motion to Recuse Judges Pitman and Hightower, filed September 18, 2024 (Dkt. 101); Plaintiff's Motion to Reinstate Plaintiff's Pro Se Motions, filed September 17, 2024 (Dkt. 102); and Plaintiff's Motion for a Hearing, filed September 17, 2025 (Dkt. 103).[1]

---

[1] By Text Order issued December 8, 2023, the District Court referred all future and pending non-dispositive and dispositive motions to this Magistrate Judge for resolution and report and recommendation, respectively, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

1

## I. Background

Stephan A. Ricks, proceeding *pro se*, brings this disability discrimination suit against DMA Companies ("DMA"), DMA employees Diana McIver, Nichole Guptill, and Roxanne Marroquin, and Overland, Pacific & Cutler LLC ("OPC"). Complaint, Dkt. 1.

### A. Factual Background

Ricks, who is blind, alleges that DMA, the property management company that manages his apartment complex, has denied his requests for reasonable modifications to his apartment unit, in violation of Title III of the Americans with Disabilities Act ("ADA") and the Fair Housing Act of 1968 ("FHA"). *Id.* ¶ 4; More Definite Statement, Dkt. 6 at 2.

Ricks alleges that DMA denied his requests for a specific model of Ring camera and an apartment on the first floor. Dkt. 1 ¶¶ 5, 7. Rick also alleges that DMA failed to grant his request that "all communications from DMA Companies and all associated organizations be sent in Braille or in another accessible format" because he received a letter from "the moving company, Defendant OPC Services"[2] that he "was unable to receive/read . . . since it was sent in an inaccessible format." *Id.* ¶ 6. Although Ricks does not elaborate on any other alleged ADA violation in his Complaint, he requests the following accommodations/modifications to his "future apartment": a first-floor unit; a mail chute on his front door; modified washer/dryer with Braille; Ring Peephole Camera with Ring Chime and Speaker on each door; an accessible toilet; light/horn combo in bathroom; sink and tub levers in bathroom; tub grab bars in bathroom; accessible

---

[2] In November 2019, DMA contracted with OPC, a California company that provides "relocation and move coordination services," to provide such services at a DMA property called the RBJ Tower at 21 Waller Street, Austin, Texas 78702. Dkt. 55 at 2. "In entering this contract, it was OPC's understanding that DMA intended to construct new affordable housing units on the property, move residents of the RBJ Tower to the new housing units, rehabilitate the RBJ Tower units, and then move the residents back to the rehabilitated RBJ Tower, depending on whether the residents opted to stay in the new units or return to the tower units." *Id.* Ricks then was living at the RBJ Tower. OPC states it first contacted Ricks to begin the move coordination process in April 2021, and that his on-site move was completed by August 25, 2022. *Id.* at 3.

range/oven; rocker light switches; a wheelchair ramp; an orientation and mobility specialist "to orient Ricks the Plaintiff to the New Property." *Id.* at 6. Ricks also seeks "unspecified monetary damages." *Id.* In his More Definite Statement, he alleges that Defendants' actions have violated the ADA and the FHA. Dkt. 6 at 2.

Defendants deny Ricks' allegations and contend that the majority of his requests for accommodations have been granted, were not permitted by law, or were refused by Ricks. Dkt. 81 at 2-3; Answer, Dkt. 12.

**B. Procedural Background**

On September 15, 2023, Defendant OPC filed a Rule 12(c) Motion for Judgment on the Pleadings, arguing that Ricks failed to state a plausible claim for relief against OPC under either the ADA or FHA. The District Court grant granted the motion, finding that Ricks failed to allege a plausible claim for relief against OPC, and dismissed Ricks' claims against OPC with prejudice. Dkt. 69. Ricks filed an appeal, which the Fifth Circuit dismissed for want of jurisdiction. Dkt. 72.

On May 29, 2024, the District Court issued an Amended Scheduling Order, ordering discovery to be completed by August 30, 2024, and setting a bench trial for February 10, 2025. Dkt. 75. Since then, Ricks has filed many motions, including motions for reconsideration, to recuse this Magistrate Judge and the District Judge, to strike experts, and for a temporary injunction. In these motions, Ricks appears to have abandoned his FHA claim[3] and instead appears to assert a claim against Defendants under the Rehabilitation Act, 29 U.S.C. § 794. Dkts. 76 at 1, 78 at 2, 80 at 4. Defendants have not objected to Ricks' invocation of the Rehabilitation Act. Accordingly, the

---

[3] When a party fails to pursue a claim or defense beyond its initial pleading, the claim is deemed abandoned or waived. *Black v. North Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (plaintiff abandoned claim when she failed to defend claim in response to motion to dismiss); *Arias v. Wells Fargo Bank, N.A.*, 2019 WL 2770160, at *2 (N.D. Tex. July 2, 2019) ("When a plaintiff fails to defend a claim in response to a motion to dismiss or summary judgment motion, the claim is deemed abandoned.").

Court construes Ricks' Complaint to assert claims under Title III of the ADA claim and the Rehabilitation Act.

On August 21, 2024, the Court appointed attorneys Rebecca Webber and Lia Sifuentes Davis, both experts in disability discrimination law, to represent Ricks in this case. Dkt. 92. By motions not addressed here, Ricks asks the Court to enter an order permitting Webber and Davis to withdraw as counsel of record pursuant to Texas Disciplinary Rule of Professional Conduct 1.15(a)(3) and asks the Court to appoint different counsel.

## II.   Analysis

### A. Motion for Issuance of Subpoenas and Service by U.S. Marshals

Ricks asks the Court to issue subpoenas under Federal Rule of Civil Procedure 45 compelling the attendance and testimony of seventeen non-party witnesses and have the United States Marshals serve those subpoenas. Rule 45(a)(3) provides: "The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it." Thus, to the extent Ricks is requesting a signed, blank subpoena to be issued by the Clerk, that portion of his motion is granted. "Plaintiff, however, is not required to have the subpoena served by the Marshal." *Thomas v. Sanchez*, No. 2:22-CV-00152, 2023 WL 10554582, at *2 (S.D. Tex. Aug. 25, 2023). While Ricks has been granted *in forma pauperis* status, he is still "required by FED. R. CIV. P. 45 to tender witness fees and mileage costs, which courts are not authorized to waive or pay on behalf of litigants proceeding *in forma pauperis*, even if the litigant could show that the Marshal was required to serve them." *Grimes v. Santander Consumer USA*, No. 3:22-CV-1933-X (BH), 2023 WL 6300575, at *1 (N.D. Tex. Sept. 27, 2023); *see also Hodge v. Prince*, 730 F. Supp. 747, 750 (N.D. Tex. 1990) (stating that § 1915(c) "does not provide the necessary statutory authority to waive the witness fees required by 28 U.S.C. § 1821(a)(1). Section 1915(c) states only that witnesses shall attend as in other cases;

it does not waive the requirement that witness fees be paid by the party who procures the subpoena."), *aff'd*, 923 F.2d 853 (5th Cir. 1991). Because Ricks has not demonstrated a need for the subpoenas to be served by the United States Marshals, he must pay the associated witness fees. *Id.* This motion is **DENIED** to the extent Ricks requests that the United States Marshals serve and pay for the subpoenas.[4]

### B.  Motions to Exclude Expert Witness Testimony

Defendants designated their attorneys as experts to testify as to the reasonableness and necessity of their fees and expenses. Ricks asks the Court to exclude their testimony, arguing that this "raises significant legal and ethical concerns that warrant exclusion under the Federal Rules of Evidence and Civil Procedure." Dkt. 85 at 1.

This argument is incorrect. There is no prohibition on designating counsel to testify as to the reasonableness and necessity of attorneys' fees. Federal Rule of Evidence 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

---

[4] "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(c)(1). A subpoena that subjects a person to an undue burden must be quashed or modified. Fed. R. Civ. P. 45(c)(3)(A)(iv). A subpoena presents an undue burden if it is facially overbroad. *See Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004).

Counsel of record may testify as experts as to the reasonableness and necessity of their fees. *See Jones v. Allstate Ins.,* No. 3:13-CV-4027-BN, 2014 WL 4626665, at *1 (N.D. Tex. Sept. 16, 2014) (permitting counsel to testify as an expert as to the reasonableness and necessity of his fees). Ricks' Motions to Exclude Expert Witness Testimony (Dkts. 79, 85) are **DENIED**.

## C. Motion to Reinstate Defendant OPC

On December 8, 2023, the District Court adopted this Magistrate Judge's Report and Recommendation (Dkt. 62) recommending that OPC's Rule 12(c) Motion for Judgment on the Pleadings (Dkt. 55) should be granted and dismissed Ricks' claims against OPC with prejudice. Dkt. 69. In doing so, the District Court adopted findings that (1) Ricks' ADA claim failed because Ricks did not allege that OPC owned, leased, or operated the Property; OPC discriminated against Ricks because of his disability; or that Ricks asked OPC for an accommodation; and (2) Ricks' FHA claim failed because he did not allege that he requested an accommodation from OPC, that OPC denied any request for accommodation, or that OPC had authority to make modifications to his dwelling. Dkt. 62 at 5-7.

Ricks now asks the Court to reinstate his claims against OPC based on "newly discovered evidence" under Rule 60(b). Dkt. 78 at 2. Ricks alleges that he "recently obtained an audio recording . . . of an OPC representative, Andres Junca, explicitly stating that they had no obligation to provide reasonable accommodations to Plaintiff, a blind individual, under the ADA and the Rehabilitation Act of 1973." *Id.* Ricks contends that this evidence shows that OPC violated the ADA and Rehabilitation Act.[5]

To prevail on a Rule 60(b) motion based on newly discovered evidence, a movant must demonstrate "(1) that it exercised due diligence in obtaining the information; and (2) that the

---

[5] Ricks does not mention his abandoned FHA claim.

6

evidence is material and controlling and clearly would have produced a different result if present before the original judgment." *United States v. Corp. Mgmt., Inc.*, 78 F.4th 727, 750 (5th Cir. 2023), *cert. denied sub nom. Corp. Mgmt., Inc. v. United States ex rel. Aldridge*, 144 S. Ct. 694, (2024). Ricks' newly discovered evidence does not demonstrate that the District Court's ruling on OPC's Rule 12(c) motion would clearly have produced a different result.

1. **ADA Claim**

Title III of the ADA prohibits "discriminat[ion] . . . on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182. Title III of the ADA also prohibits discrimination by covered entities for "a failure to make reasonable modifications . . . unless the entity can demonstrate that making such modifications would fundamentally alter the nature of [the public accommodation]." *Id.* § 12182(b)(2)(A)(ii). The plaintiff has the burden of proving that a modification was requested and that the requested modification is reasonable. *Johnson v. Gambrinus Co./Spoetzl Brewery*, 116 F.3d 1052, 1059 (5th Cir. 1997).

To assert a claim under Title III of the ADA, a plaintiff must allege that: (1) he is disabled within the meaning of the ADA, (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation, (3) defendant took adverse action against plaintiff that was based on the plaintiff's disability, and (4) defendant failed to make reasonable modifications that would accommodate plaintiff's disability without fundamentally altering the nature of the public accommodation. *Koester v. Young Men's Christian Ass'n of Greater St. Louis*, 855 F.3d 908, 910 (8th Cir. 2017); *Hernandez v. Roche*, No. EP-20-CV-00263-DCG, 2022 WL 4072963, at *3 (W.D. Tex. Sept. 2, 2022), *aff'd*, No. 22-50927, 2023 WL 2645548 (5th Cir. Mar. 27, 2023). Ricks'

newly discovered evidence does not demonstrate that OPC owns, leases, or operates a place of public accommodation, that it took an adverse action against Ricks based on his disability, or that it failed to make reasonable modifications that would accommodate Ricks' disability without fundamentally altering the nature of the public accommodation. Accordingly, Ricks still fails to allege a plausible claim against OPC under the ADA.

2. **Rehabilitation Act Claim**

The Rehabilitation Act provides:

> No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

29 U.S.C. § 794. To assert a claim under the Rehabilitation Act, Ricks must allege that OPC received federal financial assistance and thus is a covered entity, and that OPC failed to make reasonable accommodations or denied him benefits based on his disability. *Prim v. Stein*, 6 F.4th 584, 594-95 (5th Cir. 2021). The newly discovered evidence does not show that OPC received federal financial assistance or that Ricks made a request for a reasonable accommodation to OPC that was denied based on his ability. His Rehabilitation Act claim against OPC fails.

Because Ricks does not show that his newly discovered evidence revives his claims against OPC, his Motion to Reinstate is **DENIED**.

**D. Motion for Reconsideration of Denial of Auxiliary Aids**

On October 11, 2022, Ricks asked the Court to provide him with "qualified readers, qualified note-takers, and qualified facilitators, and providing plaintiff all court materials and court orders in an accessible format (Braille), and other accessible formats of plaintiff, Stephan Ricks' choice." Dkt. 24 at 1-2. This Magistrate Judge denied the request after finding that it was unnecessary

8

because "Plaintiff has been able to communicate effectively with the Court and access the Court's orders thus far." Dkt. 31 at 6. Ricks appealed that ruling to the District Court, which affirmed the denial. Dkt. 41 at 2. Ricks now asks for reconsideration of that ruling, alleging that the Court is violating his rights under Title II of the ADA and the Rehabilitation Act. Dkt. 83 at 1.

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C.A. § 12132. Title II applies only to "public entities," which the Act defines as "(A) any State or local government"; "(B) any department, agency, special purpose district, or other instrumentality of a State or States or local government"; and "(C) the National Railroad Passenger Corporation, and any commuter authority." 42 U.S.C. § 12131(1). "Noticeably absent from this definition is any mention of any agency or department of the federal government, other than the National Railroad Passenger Corporation." *United States v. Snarr*, 704 F.3d 368, 384 (5th Cir. 2013) (quoting *Isle Royale Boaters Ass'n v. Norton*, 154 F. Supp.2d 1098, 1135 (W.D. Mich. 2001)). Title II does not apply to the federal government or the federal courts. *See Snarr*, 704 F.3d at 384 (holding that the district court could not have violated Title II of the ADA by dismissing juror because of a physical infirmity because the statute does not apply to the federal government or federal courts) (collecting cases).[6]

---

[6] *See also Pierce v. U.S.*, 117 Fed. Cl. 798, 801 (2014) ("The ADA is not applicable to the tax court, the United States District Court for the Eastern District of California, or any other federal government entity because the ADA definition of 'public entity' includes only state and local government entities."), *aff'd*, 590 F. App'x 1000 (Fed. Cir. 2015); *Henrickson v. Potter*, 327 F.3d 444, 447 (5th Cir. 2003) (stating that "the entire federal government is excluded from the coverage of the ADA"); *Cellular Phone Taskforce v. F.C.C.*, 217 F.3d 72, 73 (2d Cir. 2000) ("Title II of the ADA is not applicable to the federal government."); *Griffin v. Hooks*, No. 3:19-CV-00135-MR, 2023 WL 5662584, at *4 (W.D.N.C. Aug. 30, 2023) (stating that ADA does not apply to the federal judiciary); *Melton v. Freeland*, No. 1:96-CV-516, 1997 WL 382054, at *1 (M.D.N.C. Feb. 6, 1997) (explaining that the ADA does not apply to federal courts, which are not public entities under the Act).

While the Rehabilitation Act applies to some federal government entities, it too does not apply to the federal courts. *See Mapes v. Hatcher Real Est.*, No. 1:19-CV-2162-JRS, 2021 WL 5404626, at *5 (S.D. Ind. Feb. 4, 2021) ("The Rehabilitation Act applies to some federal Government entities but not to the United States Courts."); *In re Chapman*, 777 F. Supp. 2d 196, 197 (D. Me. 2011) (same); *Griffin*, 2023 WL 5662584, at *4 (same); *Melton*, 1997 WL 382054, at *1 (same).

Although the ADA and the Rehabilitation Act do not apply, it has long been the policy of the Judicial Conference of the United States to attempt to accommodate individuals with disabilities in court proceedings. The Guide to Judiciary Policy ("Guide") is published by the Administrative Office of the United States Courts and provides guidance on the day-to-day operations of the Judiciary. The Guide includes "guidance on the use of interpreters for participants in judicial proceedings who speak only or primarily a language other than English, or who are hearing-impaired or have communication disabilities." Guide, Vol. 5, Ch. 1, § 110; https://www.uscourts.gov/sites/default/files/guide_vol05.pdf. It provides that "[i]nterpreter services needed to assist parties in civil proceedings not instituted by the United States, both in-court and out-of-court, are the responsibility of the parties to the action, except as noted above in § 210 through § 255." *Id.*, Ch. 2, § 260. Under § 255, "a court must provide sign language interpreters or other auxiliary aids to participants in federal judicial proceedings who are deaf, hearing impaired, or have communication disabilities." *Id.* at Ch. 2 § 255(a). But there is no comparable directive for visually impaired participants. Because this action was not instituted by the United States and Ricks is visually impaired, not hearing-impaired, the Guide does not require the Court to engage these services for him. *See Griffin*, 2023 WL 5662584, at *4 (explaining that Guide did not require court to provide auxiliary aids to visually impaired plaintiff).

The Court is not required under federal law or policy to provide Ricks with qualified readers and notetakers. As demonstrated by his many motions and his handling of his case thus far, the Court also finds that Ricks has not shown a need for such services. *See id.* (finding that plaintiff failed to demonstrate a need for a reading assistant because "Plaintiff has prepared and filed an extraordinary number of documents in this case and has over 20 boxes of legal materials"). But the Court will order the Clerk to send Ricks all pleadings via email in .pdf or Word format so that he can access all filings, as requested by his counsel.

Ricks' Motion for Reconsideration of Denial of Auxiliary Aids (Dkt. 83) is **DENIED**.

### E. Motion for Temporary Injunction

Ricks alleges that DMA violated Title III of the ADA and the Rehabilitation Act and seeks a temporary injunction requiring DMA[7] to: (1) provide him with reasonable accommodations to dispose of his trash "such as trash pick-up by housekeeping"; (2) install "large numerals . . . outside his street-level apartment to mark his address clearly"; (3) provide him with "essential printed materials, such as Plaintiff's lease, brochures, pamphlets, and notices, in accessible formats like Braille"; and (4) provide reasonable accommodations for retrieving his mail. Dkt. 80 at 1, 2, 5.

A preliminary injunction is an "extraordinary and drastic remedy" and "is never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008); *see also Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997) ("The grant of injunctive relief is an extraordinary remedy which requires the movant to unequivocally show the need for its issuance."). "The decision to grant a preliminary injunction is to be treated as the exception rather than the rule." *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985).

---

[7] Ricks also requests that the temporary injunction should be issued against OPC. Because OPC is no longer a party to this suit, the Court has no jurisdiction to issue such an injunction.

A preliminary injunction is warranted only if the movant establishes four elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted; and (4) that the grant of an injunction will not disserve the public interest. *Big Tyme Invs., LLC v. Edwards*, 985 F.3d 456, 463-64 (5th Cir. 2021). Failure to prove any one of the elements will result in denial of the preliminary injunction. *Future Proof Brands, LLC v. Molson Coors Beverage Co.*, 982 F.3d 280, 289 (5th Cir. 2020). Even when the movant carries its burden of persuasion on all four elements, the decision to grant or deny relief is left to the sound discretion of the district court. *Miss. Power & Light*, 760 F.2d at 621.

The Court denies this motion because Ricks fails to show a substantial likelihood of success on the merits and irreparable injury. To succeed on his Title III ADA claim, Ricks must show that: (1) he is disabled within the meaning of the ADA, and DMA (2) owns, leases, or operates a place of public accommodation, (3) discriminated against him because of his disability, and (4) failed to make reasonable modifications that would accommodate his disability without fundamentally altering the nature of the public accommodation. *Koester*, 855 F.3d at 910; *Hernandez*, 2022 WL 4072963, at *3. Ricks does not show that DMA owns, leases, or operates a place of public accommodation, took an adverse action against him because of his disability, or failed to make reasonable modifications that would accommodate his disability without fundamentally altering the nature of the public accommodation.

To succeed on his Rehabilitation Act claim, Ricks must allege that DMS "received federal financial assistance" and is thus a covered entity under the Act, and failed to make reasonable accommodations because or denied him services because of his disability. *Prim*, 6 F.4th at 595.

Ricks does not show that DMS is a covered entity or that it failed to make reasonable modifications to his apartment or denied him the use of his apartment because of his disability.

Ricks also fails to demonstrate that a substantial threat of irreparable injury if the injunction is not issued. "In general, a harm is irreparable where there is no adequate remedy at law, such as monetary damages." *Janvey v. Alguire*, 647 F.3d 585, 600 (5th Cir. 2011). In addition, a plaintiff seeking preliminary relief must demonstrate "that irreparable injury is *likely* in the absence of an injunction." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). Ricks fails to show that irreparable injury is likely and that monetary damages will not be adequate.

Because Ricks does not show a substantial likelihood of success on his claims or irreparable injury, this Magistrate Judge recommends that his Motion for a Temporary Injunction be denied. *See All. for Hippocratic Med. v. FDA*, 2023 WL 2913725, at *4 (5th Cir. 2023) ("Although no factor is dispositive, the likelihood of success and irreparable injury factors are 'the most critical.' Success on either factor requires that the stay seeker make a strong not merely 'possib[le]' showing.").

### F. Motion to Reinstate *Pro Se* Motions and Motion for Hearing

Ricks asks the Plaintiff's Motion to Reinstate Plaintiff's Pro Se Motions. Dkt. 102. Because Ricks fails to present good cause for the Motion, it is **DENIED**.

Ricks also requests that the Court hold a hearing. Dkt. 103. The Court has already set this matter for a hearing on scheduling matters and the status of any pending motions. Dkt. 98. Plaintiff's Motion for a Hearing is **DENIED** as Moot.

### G. Motion to Reconsider Denial of Motion to Recuse

On May 8, 2023, the District Court denied Ricks' Motion to Recuse this Magistrate Judge under 28 U.S.C. § 455(a) after finding that Ricks failed to "present any evidence that could lead a

well-informed, objective observer to question the magistrate judge's impartiality." Dkt. 41 at 2. Ricks subsequently filed three more motions to recuse U.S. District Judge Robert Pitman and this Magistrate Judge, all of which were either withdrawn or stricken. Dkts. 41, 98.

Ricks now argues once again that Judge Pitman and this Magistrate Judge should recuse themselves under 28 U.S.C. § 455(a) because both judges have ruled against Ricks. Dkt. 101. But "adverse rulings, without more, do not warrant disqualification for bias." *Mandawala v. Ne. Baptist Hosp.*, 16 F.4th 1144, 1156 (5th Cir. 2021). "It is obvious why: If we credited [Ricks'] theory, every judge would have to recuse, because any ruling in a dispute between parties would supply *prima facie* evidence of bias against the loser." *Id.* Because Ricks presents no adequate grounds for recusal, his Motion for Reconsideration and request for recusal are **DENIED**.

### H. Filing Bar

"[F]ederal courts have the inherent power to police the conduct of litigants and attorneys who appear before them." *In re Rudder*, 100 F.4th 582, 584 (5th Cir. 2024). Although *pro se* litigants are given considerable latitude, Ricks is a recreational filer and continues to file frivolous and duplicative motions on a near-daily basis. "His wasting of increasingly scarce judicial resources must be brought to an end." *Mayfield v. Klevenhagen*, 941 F.2d 346, 348 (5th Cir. 1991). Accordingly, the Court finds that a pre-filing bar is necessary. *See id.* Ricks must seek and receive permission from the Court before filing any future motions in this case.

### III.   Order

For these reasons, this Magistrate Judge:

(1) **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion for Issuance of Subpoenas and Service by U.S. Marshals (Dkt. 77). The Court **GRANTS** Plaintiff's request to have the Clerk of the Court issue subpoenas and send to Ricks but **DENIES** his request to have the U.S. Marshals serve such subpoenas;

14

(2) **DENIES** Plaintiff's Motion to Reinstate Defendant Overland, Pacific & Cutler LLC (Dkt. 78);

(3) **DENIES** Plaintiff's Motions to Exclude Expert Witness Testimony (Dkts. 79, 85);

(4) **DENIES** Plaintiff's Motion for Reconsideration of Denial of Auxiliary Aids and Services (Dkt. 83), but **ORDERS the Clerk of Court** to send case filings to Ricks by email in .pdf or Word format so he can read these documents using his screen reader;

(5) **DENIES** Plaintiff's Motion for Reconsideration and Recusal (Dkt. 101);

(6) **DENIES** Plaintiff's Motion to Reinstate Plaintiff's Pro Se Motions (Dkt. 102); and

(7) **DENIES** as Moot Plaintiff's Motion for Hearing (Dkt. 103).

**IT IS FURTHER ORDERED** that Plaintiff Stephan Ricks cannot file any additional motions in this Court without receiving permission from a judge of this Court to do so. The Court **ORDERS** the **Clerk of Court** to refrain from docketing any motions from Plaintiff until he has received Court permission to file them.

The following motions remain pending and will be addressed at the hearing set for October 9, 2024, along with any other scheduling matters and pending motions:

- The Joint and Agreed Motion to Modify Scheduling Order, filed August 30, 2024 (Dkt. 93);
- Plaintiff's Unopposed Motion to Withdraw Rebecca Webber and Lia Sifuentes Davis as Counsel, filed September 16, 2024 (Dkt. 99); and
- Plaintiff's Emergency Motion to Dismiss Ineffective Counsel and Appoint Zealous Representation, filed September 11, 2024 (Dkt. 100).

Dkt. 98.

### IV.    Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court **DENY** Plaintiff's Moton for Temporary Injunction (Dkt. 80).

## V.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on September 19, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE