# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| STEPHAN A. RICKS,<br>*Plaintiff*<br><br>v.<br><br>DMA COMPANIES, DIANA McIVER, NICHOLE GUPTILL and ROXANNE MARROQUIN,<br>*Defendants* | §<br>§<br>§<br>§<br>§  Case No. 1:22-CV-00773-RP<br>§<br>§<br>§<br>§ |

## ORDER

Now before the Court are the Parties' Joint and Agreed Motion to Modify Scheduling Order, filed August 30, 2024 (Dkt. 93); Plaintiff's Unopposed Motion to Withdraw Rebecca Webber and Lia Sifuentes Davis as Counsel, filed September 16, 2024 (Dkt. 99); Plaintiff's Emergency Motion to Dismiss Ineffective Counsel and Appoint Zealous Representation, filed September 11, 2024 (Dkt. 100); and Plaintiff's Motion for Leave to Amend his Complaint and File Objections to the Magistrate Judge's September 19, 2024 Order and Report and Recommendation, filed September 3, 2024.[1]

### I.  Background

Stephan A. Ricks, proceeding *pro se*, brings this disability discrimination suit against DMA Companies ("DMA") and DMA employees Diana McIver, Nichole Guptill, and Roxanne Marroquin. Complaint, Dkt. 1.[2] Ricks, who is blind, alleges that DMA, the property management

---

[1] By Text Order issued December 8, 2023, the District Court referred all future and pending non-dispositive and dispositive motions to this Magistrate Judge for resolution and report and recommendation, respectively, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

[2] The District Court dismissed Defendant Overland, Pacific & Cutler LLC from this suit on December 8, 2024. Dkt. 69.

1

company that manages his apartment complex, has denied his requests for reasonable modifications to his apartment unit, in violation of Title III of the Americans with Disabilities Act ("ADA"), the Fair Housing Act of 1968 ("FHA"), and the Rehabilitation Act of 1973. *Id.* ¶ 4; More Definite Statement, Dkt. 6 at 2. Defendants deny Ricks' allegations and contend that the majority of his requests for accommodations have been granted, were not permitted by law, or were refused by Ricks. Dkt. 81 at 2-3; Answer, Dkt. 12.

On August 21, 2024, the Court appointed attorneys Rebecca Webber and Lia Sifuentes Davis, both experts in disability discrimination law, to represent Ricks in this case. Dkt. 92. On September 11, 2024, Ricks filed this "Emergency Motion" to "immediately terminate the ineffective and conflicted representation of court-appointed counsel Rebecca Weber and appoint new, zealous counsel." Dkt. 100 at 1. Both of Ricks' attorneys also filed an Unopposed Motion to Withdraw as Counsel of record for Ricks pursuant to Texas Disciplinary Rule of Professional Conduct 1.15(a)(3) and ask the Court to appoint different counsel. Dkt. 99.

On September 11, 2024, this Magistrate Judge granted Ricks' Motion for a Hearing (Dkt. 89) and set this case for a hearing at 2 p.m. October 9, 2024 to address "scheduling matters and the status of any pending motions." Dkt. 98 at 2. In an Order and Report and Recommendation issued September 19, 2024, the Court stated that the motion to modify scheduling order (Dkt. 93), motion to withdraw (Dkt. 99), and motion to dismiss counsel (Dkt. 100) would be addressed at the October 9, 2024 hearing, "along with any other scheduling matters and pending motions." Dkt. 104 at 15. Ricks did not appear for the hearing held on this date.

Because Ricks continued to file "frivolous and duplicative motions on a near-daily basis," the Court also imposed a filing bar against Ricks prohibiting him from filing "any additional motions in this Court without receiving permission from a judge of this Court to do so." *Id*.

2

## II.   Analysis

For the reasons below and any others stated on the record during the hearing held on this date, the Court rules as follows on the pending motions.

### A. Motion to Withdraw and Appoint New Counsel

Ricks seeks to dismiss his court-appointed counsel, claiming that they have provided him with ineffective assistance of counsel because they told him his claims were meritless. Dkt. 100 at 1. Ricks' attorneys agree that they should be permitted to withdraw from representing him, and Defendants do not oppose the motion. Dkt. 99.

"An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *Gowdy v. Marine Spill Response Corp.*, 925 F.3d 200, 204 (5th Cir. 2019) (quoting *In re Wynn*, 889 F.2d 644, 646 (5th Cir. 1989)). The decision whether to grant an attorney's motion to withdraw is "entrusted to the sound discretion" of the district court. *Wynn*, 889 F.2d at 646. Denying withdrawal in the face of a demonstrated irreconcilable conflict is an abuse of discretion. *United States v. Wild*, 92 F.3d 304, 307 (5th Cir. 1996).

Texas Disciplinary Rules of Professional Conduct § 1.15(a)(3) mandates that a lawyer "shall withdraw" from the representation of a client when "the lawyer is discharged, with or without good cause."[3] Because Ricks seeks to terminate his counsel, his counsel should be permitted to withdraw. Good cause also exists to permit counsel to withdraw from representing Ricks because an irreconcilable conflict has arisen between them as to management of this case. *See Gowdy*, 925 F.3d at 204 (affirming holding that counsel presented good cause where he cited

---

[3] The Western District of Texas has adopted the Texas Disciplinary Rules of Professional Conduct. Local Rule AT-7(a).

3

"irreconcilable differences over issues related to . . . the management of the litigation"). For these reasons, Ricks' Unopposed Motion to Withdraw Rebecca Webber and Lia Sifuentes Davis as counsel of record (Dkt. 99) is **GRANTED**.

In addition to asking the Court to terminate his counsel, Ricks asks the Court to appoint him new counsel who will provide "zealous representation." Dkt. 100 at 1. "But the appointment of counsel in a civil case is a privilege and not a constitutional right" and "should be allowed in civil actions only in exceptional cases." *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). In evaluating whether the appointment of counsel is proper, courts consider the type and complexity of the case, the movant's ability to investigate and present the case, and the likelihood that appointment will benefit the movant, the court, and the defendant "by shortening the trial and assisting in just determination." *Naranjo v. Thompson*, 809 F.3d 793, 799 (5th Cir. 2015). District courts may also consider the extent of a plaintiff's attempts to secure private counsel independently. *Id.*

This case does not present exceptional circumstances. The issues raised herein are not particularly complex, and despite Ricks' disability, he has demonstrated throughout the proceedings that he is more than capable of presenting his case to the Court.

The Court appointed two attorneys who specialize in disability law to represent Ricks. He fired them because he did not agree with their legal strategy and opinion that his case was "unwinnable." Dkt. 100 at 1. "In short, plaintiff has fired his attorney and now seeks relief because he does not have an attorney." *Williams v. La. Dep't of Educ.*, No. CV 21-339-JWD-RLB, 2021 WL 12268243, at *2 (M.D. La. Aug. 23, 2021). Given that Ricks has terminated his appointed counsel who had "proven expertise in disability rights law"[4] because he disagreed with their legal advice, the Court concludes that even if other attorneys with expertise in disability rights law could be

---

[4] Dkt. 100 at 2.

located who are willing to represent Ricks, appointing new counsel will not benefit Ricks, the Court, or Defendants, and will not be in the interest of justice. *See Williams*, 2021 WL 12268243, at *2 (denying motion to appoint counsel where plaintiff terminated his prior counsel). For these reasons, Ricks' Motion to Appoint New Counsel (Dkt. 100) is **DENIED**.

### B. Joint Motion to Modify the Scheduling Order

The parties have agreed to modify deadlines in their Scheduling Order (Dkt. 75) for expert disclosures, discovery, dispositive motions, and the trial date. Because the parties presented good cause for the Motion, the Court **GRANTS** the Joint and Agreed Motion to Modify Scheduling Order (Dkt. 93). The Court will issue an Amended Scheduling Order in a separate order.

### C. Motion for Leave

As stated, in the September 19, 2024 Order and Report and Recommendation, this Magistrate Judge imposed a pre-filing bar requiring Ricks to obtain permission from the Court to file any motions because of his pattern and practice of filing "frivolous and duplicative motions on a near-daily basis." Dkt. 104 at 14. Ricks moves for leave to file (1) objections to this Court's Order and Report and Recommendation issued September 19, 2024, and (2) an amended complaint.

Because he has a right to file objections to this Court's Report and Recommendation, the Court **GRANTS** Ricks leave to file objections to the Court's September 19, 2024 Order and Report and Recommendation.

The Court **DENIES** leave to file an amended complaint. Rule 15(a) governs the amendment of pleadings before trial and provides in part:

> **(1)** *Amending as a Matter of Course*. A party may amend its pleading once as a matter of course no later than:
>
> (A) 21 days after serving it, or

> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> **(2) *Other Amendments*.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Because the time limits under Rule 15 expired long ago, Ricks moves for leave under Rule 15(a)(2).

District courts consider the following factors in determining whether leave should be granted under Rule 15(a)(2): (1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party by allowing the amendment, and (5) futility of amendment. *Jack v. Evonik Corp.*, 79 F.4th 547, 564-65 (5th Cir. 2023).

The Court finds that Ricks has unduly delayed in seeking leave to amend. He filed this suit more than two years ago, a Scheduling Order has been issued including a trial date in less than four months, and numerous dispositive and non-dispositive motions have been filed and decided. Permitting Ricks to amend his Complaint at this late date would unduly prejudice Defendants and unduly delay adjudication of this case.

The Court also finds that the motion for leave is futile and has been brought in bad faith. First, Ricks' Motion is duplicative of a previous motion for leave which was denied by the District Court. Dkt. 69 at 2. In addition, it appears that Ricks merely attempts to reinstate claims that have been dismissed by the District Court. Dkt. 69 at 2; Dkt. 104 at 6-8. Attempting to resurrect previously dismissed claims in a motion for leave is futile and barred by res judicata. *See Cavada v. Bank of Am., N.A.*, No. A-14-CV-00938-LY-ML, 2015 WL 3480380, at *8 (W.D. Tex. June 2, 2015) (denying leave to amend where plaintiff's claims had been previously dismissed with prejudice

and were thus "barred by res judicata"), *R. & R. adopted*, 2015 WL 11430793 (W.D. Tex. June 19, 2015).

For these reasons, the Court **DENIES** Ricks' Motion for Leave (Dkt. 105) to File an Amended Complaint.

### III.    Conclusion

In sum: (1) the Parties' Joint and Agreed Motion to Modify Scheduling Order (Dkt. 93) is **GRANTED**; (2) Plaintiff's Unopposed Motion to Withdraw Rebecca Webber and Lia Sifuentes Davis as Counsel (Dkt. 99) is **GRANTED**; (3) Plaintiff's Emergency Motion to Appoint Zealous Representation (Dkt. 100) is **DENIED**; (4) Plaintiff's Motion for Leave to File Objections to the Court's September 19, 2024 Order and Report and Recommendation (Dkt. 105) is **GRANTED**; and (5) Plaintiff's Motion for Leave to File an Amended Complaint (Dkt. 105) is **DENIED**.

**SIGNED** on October 9, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE