11/21/2024

FILED
2024 NOV 21 PM 12: 54

**Title:**
Motion for Permission to File Motions Pro Se: Challenging the Punitive and Discriminatory Pre-Filing Restrictions Imposed on Blind Plaintiff Stephan Ricks Under the ADA and Section 504 of the Rehabilitation Act

**Introduction:**
Plaintiff Stephan Ricks, a blind litigant proceeding pro se, respectfully requests the Court's permission to file motions, legal briefs, and other necessary pleadings in defense of his civil rights, pursuant to the Americans with Disabilities Act (ADA) Amendments Act and Section 504 of the Rehabilitation Act of 1973. For over two years, Mr. Ricks has faced systemic barriers, including punitive pre-filing restrictions that infringe on his right to meaningful access to the courts. These restrictions have further deprived him of equal participation in the judicial process, a right fiercely protected by federal law, especially for disabled individuals.

The imposition of pre-filing restrictions, without sufficient basis, constitutes a form of judicial retaliation that is inherently punitive and discriminatory. The Fifth Circuit, in **Enlow v. Tishomingo County**, has emphasized that courts must ensure that disabled individuals have an equal opportunity to participate in court proceedings and that the application of restrictions must not be punitive. Moreover, the Ninth Circuit has also upheld the rights of disabled individuals to access the courts in **Margaret Doe v. DOJ**, where they stressed that any restriction imposed on disabled plaintiffs must be tailored to avoid undue burdens on their legal rights.

**Legal Analysis:**

1. **Pre-Filing Restrictions as Punitive and Discriminatory:**
   The pre-filing restrictions imposed on Mr. Ricks by the Court are not based on any finding of frivolous or bad-faith litigation. Rather, these restrictions serve to prevent Mr. Ricks from filing motions and briefs necessary to defend his civil rights under the ADA and Section 504. Courts have consistently recognized that procedural restrictions imposed on disabled plaintiffs must not be punitive or overly restrictive. In **Cok v. Family Court of Rhode Island**, the First Circuit held that imposing excessive restrictions on a litigant's ability to access the courts "constitutes an abuse of discretion" when the restrictions impede the litigant's right to a fair hearing. The restrictions imposed on Mr. Ricks create an unequal burden that violates his rights under the ADA and Section 504.

2. **Violations of the ADA and Section 504:**
   The ADA mandates that individuals with disabilities must have an equal opportunity to access the courts. In **Tennessee v. Lane**, the Supreme Court held that Title II of the ADA requires public entities, including courts, to ensure meaningful access for disabled individuals. Section 504 of the Rehabilitation Act similarly prohibits discrimination based on disability by any entity receiving federal funds. Mr. Ricks' right to participate fully in his litigation has been denied through the Court's punitive pre-filing restrictions. This amounts to discrimination, as defined by these statutes.

As the Fifth Circuit held in **Frame v. City of Arlington**, "[w]hen a public entity denies an individual with a disability meaningful access to public services, it violates the ADA." The Court's imposition of pre-filing restrictions without considering reasonable accommodations for Mr. Ricks' disability is a clear violation of this principle.

3. **Judicial Retaliation and Bias:**
   The actions of Federal Judge Robert Pittman and Magistrate Judge Susan Hightower have resulted in significant harm to Mr. Ricks' ability to defend his civil rights. The delay in appointing effective counsel, and the failure to amend his complaint to include egregious violations of his rights, has resulted in more than 800 days of harm. The pre-filing restrictions appear retaliatory, as they serve to silence Mr. Ricks' legitimate attempts to expose judicial misconduct and bias.

In **Mendia v. Garcia**, the Ninth Circuit stated that "retaliation against a plaintiff for engaging in protected activity, such as seeking redress through the courts, is unconstitutional." By restricting Mr. Ricks' access to the courts without just cause, the Court has not only violated his statutory rights but also his constitutional rights to petition the government for redress of grievances.

**Conclusion:**
Plaintiff Ricks will continue, in good faith, to request permission from the Court to file motions, legal briefs, and other documents necessary to defend his civil rights. However, it is evident that these pre-filing restrictions are punitive and discriminatory, serving only to deprive Mr. Ricks of meaningful participation in his case. The Fifth Circuit, in **Enlow**, reminds us that "courts must be vigilant in ensuring that procedural restrictions do not unfairly burden litigants with disabilities."

For these reasons, Plaintiff respectfully requests that the Court grant him permission to file motions pro se without pre-filing restrictions, or in the alternative, lift the restrictions entirely, as they serve no legitimate purpose and violate his rights under the ADA, Section 504 of the Rehabilitation Act, and related federal law.

**Notable Federal Case Law Supporting Plaintiff's Argument:**

1. **Tennessee v. Lane**, 541 U.S. 509 (2004): The Supreme Court held that Title II of the ADA requires courts to provide meaningful access to disabled individuals, reinforcing that systemic barriers cannot prevent individuals from exercising their right to petition and access judicial processes.
2. **Cok v. Family Court of Rhode Island**, 985 F.2d 32 (1st Cir. 1993): The First Circuit emphasized that courts must avoid imposing excessive restrictions on litigants' access to the courts, particularly when the restrictions are not supported by evidence of abusive litigation.
3. **Mendia v. Garcia**, 768 F.3d 1009 (9th Cir. 2014): The Ninth Circuit held that retaliation against plaintiffs for engaging in protected activity, such as filing legal actions, violates constitutional rights, highlighting that court actions must not unduly burden litigants.

**Quotes to Reinforce Plaintiff's Argument:**

1. **"When a public entity denies an individual with a disability meaningful access to public services, it violates the ADA." – Frame v. City of Arlington, 657 F.3d 215 (5th Cir. 2011).**
   This quote establishes that the restrictions imposed on Mr. Ricks have effectively denied him meaningful access to the court system.
2. **"Retaliation against a plaintiff for engaging in protected activity, such as seeking redress through the courts, is unconstitutional." – Mendia v. Garcia, 768 F.3d 1009 (9th Cir. 2014).**
   This demonstrates how the pre-filing restrictions imposed on Mr. Ricks are retaliatory and unconstitutional.
3. **"Procedural restrictions imposed on disabled litigants must be carefully tailored and cannot unduly burden their right to access the courts." – Enlow v. Tishomingo County, 962 F.3d 276 (5th Cir. 2020).**
   This reinforces the argument that the pre-filing restrictions against Mr. Ricks are punitive and in violation of federal law.

For the foregoing reasons, Plaintiff respectfully requests that the Court grant his Motion for Permission to File Motions Pro Se without pre-filing restrictions.

Respectfully submitted,

_____

Stephan Ricks
Pro Se Plaintiff
Legally Void
1320 Art Dilly Drive, Apt 2143
Austin, TX, 78702
512-507-1488
sir.stephan1@icloud.com