**Legally Void**
**11/21/2024**



UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

Civil Action No. 22-CV-00773-RP

STEPHAN A. RICKS,
Plaintiff,
v.
DMA PROPERTIES, OPC SERVICES, et al.,
Defendants.

---

**MOTION FOR RECONSIDERATION AND OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DENYING MOTION FOR PRELIMINARY INJUNCTION**

---

**INTRODUCTION**

The blind Plaintiff, Mr. Stephan A. Ricks, respectfully submits this **Motion for Reconsideration and Objections** to the Magistrate Judge's Report and Recommendation adopted on November 15, 2024, by Judge Robert Pitman, which denied Plaintiff's Motion for Preliminary Injunction. Mr. Ricks asserts that this denial perpetuates discriminatory practices in violation of the Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act of 1973, and the Fair Housing Act (FHA).

The Report and Recommendation disregards statutory mandates to provide reasonable accommodations, overlooks systemic delays exceeding 800 days, and underestimates the irreparable harm inflicted on Mr. Ricks. The judiciary's systemic bias and procedural deficiencies have obstructed justice and denied Mr. Ricks equal access to the courts. This motion seeks reconsideration under **Rule 59(e)** of the Federal Rules of Civil Procedure to correct manifest errors of law and fact.

---

## I. LEGAL FRAMEWORK FOR PRELIMINARY INJUNCTIONS

To grant a preliminary injunction, a plaintiff must establish:

1. A likelihood of success on the merits.
2. Irreparable harm absent an injunction.

3. The balance of equities tips in the plaintiff's favor.
4. An injunction serves the public interest.

(*Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008)). The court's denial failed to adequately assess these elements, particularly the irreparable harm caused by prolonged delays and denial of reasonable accommodations.

---

## II. OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT

### A. Denial of Reasonable Accommodations

1. **Violation of the ADA and Section 504 of the Rehabilitation Act**
   The court disregarded clear statutory mandates requiring public entities to ensure accessibility for individuals with disabilities.

   - **Tennessee v. Lane**, 541 U.S. 509, 531 (2004): "Public entities are required to make reasonable modifications to avoid discrimination."
   - **PGA Tour, Inc. v. Martin**, 532 U.S. 661, 682 (2001): "Accommodations must not fundamentally alter the nature of the service but must be provided unless undue burden is shown."

The judiciary has failed to provide Mr. Ricks with auxiliary aids, such as qualified readers, note-takers, and accessible legal documents. This omission violates the ADA's and Section 504's mandates.

2. **Absence of Evidence Supporting Undue Burden**
   The court did not establish that providing reasonable accommodations imposed any undue financial or administrative burden. This failure constitutes a direct violation of the ADA and Section 504.
3. **Prejudice and Irreparable Harm**
   The denial of accommodations has obstructed Mr. Ricks from:

- Accessing critical legal resources.
- Effectively participating in court proceedings.
- Exercising his procedural rights under the Federal Rules of Civil Procedure.

This systemic bias constitutes discrimination under **Alexander v. Choate**, 469 U.S. 287, 296–97 (1985).

---

### B. Genuine Issues of Material Fact Ignored

1. **Disputes Regarding Accommodation Requests**
   The Magistrate Judge overlooked substantive disputes concerning whether the Plaintiff's accommodation requests were appropriately submitted and whether the denials were made in bad faith.

- **Celotex Corp. v. Catrett**, 477 U.S. 317, 322 (1986): Summary adjudication is inappropriate where genuine disputes of material fact remain.

The court's decision to sidestep these factual disputes undermines the integrity of judicial proceedings.

2. **Evidence of Prejudice**
   Defendants' actions—delayed responses to accommodation requests, denial of timely access to legal resources, and refusal to provide auxiliary aids—have prejudiced Mr. Ricks, denying him meaningful participation in his case.

---

## C. Irreparable Harm

1. **Delays Constituting Irreparable Harm**
   Over 800 days of procedural delay have caused irreparable harm by undermining Mr. Ricks' ability to litigate effectively.

- **Elrod v. Burns**, 427 U.S. 347, 373 (1976): "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable harm." By analogy, the denial of ADA rights constitutes irreparable harm.

2. **Impact on Fair Housing Act Claims**
   The inability to litigate FHA claims effectively due to discriminatory delays further exacerbates the harm.

- **City of Edmonds v. Oxford House, Inc.**, 514 U.S. 725, 731 (1995): The FHA prohibits practices limiting housing opportunities for individuals with disabilities.

---

## III. MOTION FOR RECONSIDERATION

### A. Grounds for Reconsideration

Under **Rule 59(e)** of the Federal Rules of Civil Procedure, reconsideration is warranted due to manifest errors of law and fact.

1. The court overlooked binding precedents, such as **Tennessee v. Lane** and **Alexander v. Choate**, which emphasize the necessity of reasonable accommodations.

2. The court failed to address material facts, including systemic delays and ongoing harm.

### B. Precedents Supporting Reconsideration

- **Gonzalez v. Crosby**, 545 U.S. 524, 536 (2005): Reconsideration is appropriate where the court misapplied the law or overlooked significant facts.
- **Olmstead v. L.C.**, 527 U.S. 581, 600 (1999): Congress identified unjustified segregation of persons with disabilities as a form of discrimination.

## IV. AMENDED COMPLAINT

### A. New Allegations of Systemic Discrimination

Mr. Ricks seeks to amend his complaint to include explicit allegations of:

1. Systemic failure to accommodate.
2. Procedural delays exceeding 800 days.
3. Retaliation and ongoing discrimination under Title II of the ADA, Section 504, and the FHA.

### B. Relief Requested

1. Injunctive relief mandating immediate provision of accommodations.
2. Compensation for irreparable harm caused by delays and denials.

## V. CONCLUSION

**"In recognizing the humanity of our fellow beings, we pay ourselves the highest tribute."**
(*Justice Thurgood Marshall*).

The denial of Mr. Ricks' motion perpetuates systemic discrimination, disregards statutory protections, and undermines the moral imperative to ensure equal access for individuals with disabilities. This court must rectify these injustices by:

1. Reversing the denial of the preliminary injunction.
2. Granting the requested accommodations immediately.
3. Allowing Mr. Ricks to amend his complaint.

## RELIEF REQUESTED

Mr. Ricks respectfully requests this court:

1. **Grant reconsideration** of the denial of the preliminary injunction under Rule 59(e).
2. **Reverse the Magistrate Judge's Report and Recommendation.**
3. **Order immediate provision of auxiliary aids and reasonable accommodations.**
4. **Allow amendment of the complaint** to reflect additional claims of discrimination.
5. **Retain jurisdiction** to monitor compliance and prevent further discrimination.

---

Respectfully submitted,

**Stephan A. Ricks**
**Pro Se Plaintiff**
**Legally Void**
1320 Art Dilly Dr., Apt. 2143
Austin, TX 78702
Email: sir.stephan1@icloud.com
Phone: (512) 507-1488