# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| STEPHAN A. RICKS,<br>*Plaintiff* | §<br>§<br>§ |
| v. | §<br>§  Case No. 1:22-CV-00773-RP-SH |
| DMA COMPANIES, DIANA<br>McIVER, NICHOLE GUPTILL<br>and ROXANNE MARROQUIN,<br>*Defendants* | §<br>§<br>§<br>§ |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:    THE HONORABLE ROBERT PITMAN**
**       UNITED STATES DISTRICT JUDGE**

Now before the Court are Defendants DMA Companies, Diana McIver, Nichole Guptill, and Roxanne Marroquin's Motion for Final Summary Judgment, filed February 3, 2025 (Dkt. 122); Plaintiff's Memorandum in Opposition to Defendants' Motion for Final Summary Judgment, filed February 14, 2025 (Dkt. 124); and Plaintiff's Motion for Permission to File a motion to reconsider the pre-filing bar this Magistrate Judge imposed on September 19, 2024 because of Ricks' abusive filing practices, filed February 14, 2025 (Dkt. 125-2).[1]

## I. Background

Plaintiff Stephan A. Ricks, proceeding *pro se*,[2] brings this disability discrimination suit against DMA Companies ("DMA") and its employees Diana McIver, Nichole Guptill, and Roxanne

---

[1] By Text Order issued December 8, 2023, the District Court referred all non-dispositive and dispositive motions to this Magistrate Judge for resolution and report and recommendation, respectively, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

[2] The Court appointed counsel to represent Ricks on August 21, 2024, but he terminated them three weeks later. Dkt. 106.

1

Marroquin. Complaint, Dkt. 1.³ Ricks, who alleges that he is blind, leases an apartment at the Lady Bird apartment complex in Austin, Texas. Dkt. 122 at 2. DMA manages the property. *Id.* Ricks alleges that DMA has denied his requests for reasonable modifications to his apartment, in violation of Title III of the Americans with Disabilities Act ("ADA"), the Fair Housing Act of 1968 ("FHA"), and the Rehabilitation Act of 1973. Dkt. 1 ¶ 4; More Definite Statement, Dkt. 6 at 2. DMA now moves for summary judgment under Rule 56(a).

## II.   Legal Standard

Summary judgment shall be rendered under Rule 56(a) when the pleadings, the discovery and disclosure materials, and any affidavits on file show that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

When ruling on a motion for summary judgment, the court must view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. A court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000).

Once the moving party has shown the absence of a genuine issue of material fact, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 585 n.10, 586-87. Mere conclusory allegations are not competent summary judgment evidence and are insufficient to defeat a motion

---

³ Ricks also named as a defendant Overland, Pacific & Cutler LLC, which the Court dismissed under Rule 12(c). Dkt. 69.

for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation also are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise way that evidence supports its claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

### III. Analysis

DMA argues that it is entitled to summary judgment because Ricks has not offered sufficient evidence to support one or more essential elements of each of his discrimination claims. Ricks contends that he has met his burden as to all claims.

### A. ADA Claim

Title III of the ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Title III defines discrimination to include "a failure to make reasonable modifications" when "necessary to afford . . . services . . . or accommodations to individuals with disabilities." § 12182(b)(2)(A)(ii). To enforce the ADA's prohibition on discrimination, Title III creates a private cause of action that permits "any person who is being subjected to discrimination on the basis of disability" to sue for violations. § 12188(a)(1). Only injunctive relief and attorney's fees are available to private litigants. *Id.*; §§ 12205, 2000a-3(a).

To succeed on his Title III claim, Ricks must show that (1) he is disabled under the ADA, and DMA (2) owns, leases, or operates a place of public accommodation, (3) discriminated against him because of his disability, and (4) failed to make reasonable modifications that would accommodate his disability without fundamentally altering the nature of the public accommodation. *Roberts v. Royal Atl. Corp.*, 542 F.3d 363, 368 (2d Cir. 2008); *Hernandez v. Roche*, No. EP-20-CV-00263-DCG, 2022 WL 4072963, at *3 (W.D. Tex. Sept. 2, 2022), *aff'd*, 2023 WL 2645548 (5th Cir. Mar. 27, 2023).

To be liable under the Title III, DMA must be a "person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Under Title III, "private entities are considered public accommodations . . . if the operations of such entities affect commerce" and fall under one of the enumerated categories, including "an inn, hotel, motel, or other place of lodging, except for an establishment located within a building that contains not more than five rooms for rent or hire and that is actually occupied by the proprietor of such establishment as the residence of such proprietor." § 12181(7)(A).

Courts in the Fifth Circuit and elsewhere have repeatedly held that privately owned apartment complexes and condominiums are not "places of public accommodation" and are not covered by Title III. *Willis v. Villa Piana Corp.*, No. 3:22-CV-02468-M-BT, 2023 WL 6219401, at *4 (N.D. Tex. Aug. 28, 2023), *R. & R. adopted*, 2023 WL 6219926 (N.D. Tex. Sept. 25, 2023); *Williams v. Ladera Apartments*, No. 4:21-CV-154-SDJ-KPJ, 2021 WL 1691613, at *12 (E.D. Tex. Apr. 29, 2021); *Kizzee v. Yale Vill. Apartments*, No. 4:09-CV-3268, 2010 WL 11652033, at *4 (S.D. Tex. Sept. 29, 2010); *Desch v. Wheatley*, No. SA-08-CA-0922-FB, 2010 WL 11506404, at *5 (W.D. Tex. Jan. 19, 2010), *R. & R. adopted*, 2010 WL 11506405 (W.D. Tex. Mar. 18, 2010), *aff'd*, 421 F. App'x 394 (5th Cir. 2011); *Felknor v. Tallow Wood Apartments*, No. A-08-1092,

2009 WL 3230607, at *2 (W.D. La. Sept. 28, 2009); *see also Indep. Hous. Servs. of San Francisco v. Fillmore Ctr. Assocs.*, 840 F. Supp. 1328, 1344 n.14 (N.D. Cal. 1993) (stating that the legislative history of the ADA clarifies that "other place of lodging" as used in § 12181(7)(A) does not include residential facilities).

The Lady Bird is a privately owned and operated apartment complex. Affidavit of Marnie Geurin ("Geurin Aff."), Dkt. 122-1 ¶ 2. It does not qualify as "a place of public accommodation" under Title III, so Ricks' Title III claim against DMA fails as a matter of law.

### B. Rehabilitation Act Claim

The Rehabilitation Act provides:

> No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

29 U.S.C. § 794. DMA is a private entity, and Ricks offers no evidence that DMA has received federal financial assistance and so is a covered entity under the Rehabilitation Act. *Prim v. Stein*, 6 F.4th 584, 594-95 (5th Cir. 2021). Nor does Ricks show that he was denied reasonable accommodations "solely by reason" of his disability. *Id.* The Court finds that his Rehabilitation Act claim also fails as a matter of law.

### C. Fair Housing Act Claim

The Fair Housing Act makes it unlawful to "refus[e] to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B). To prevail on his FHA reasonable accommodation claim, Ricks must show that (1) he is handicapped; (2) he requested an accommodation in rules, policies, practices, or services and the defendant denied it;

5

(3) the requested accommodation is reasonable; and (4) the requested accommodation is necessary to afford him an equal opportunity (equal to a non-handicapped person) to use and enjoy the dwelling. *Parada v. Sandhill Shores Prop. Owners Assoc., Inc.*, 604 F. Supp. 3d 567, 582 (S.D. Tex. 2022).

Ricks alleges that DMA denied his requests for a first-floor unit; mail chute on his front door; modified washer/dryer with Braille; Ring Peephole Camera with Ring Chime and Speaker on each door; accessible toilet, light/horn combo, sink and tub levers, and tub grab bars in the bathroom; accessible range/oven; rocker light switches; wheelchair ramp; and an orientation and mobility specialist. Dkt. 1 at 6. DMA denies Ricks' allegations and contends that his accommodation requests have either been granted, were not permitted by law, or were refused by Ricks. Answer, Dkt. 12; Dkt. 81 at 2-3.

DMA offers an affidavit from its Director of Compliance, who testifies that DMA

> made a first-floor unit available to Plaintiff and provided him with a ring peephole camera with ring chime and speaker on each door, a light/horn combo in the bathroom, an accessible toilet in the bathroom, sink and tub levers in the bathroom, lever handles on the bathroom doors, tub grab bars in the bathroom, an accessible range/oven with controls on the front, and rockers switches for lights.

Geurin Aff., Dkt. 122-1 ¶ 3. Geurin testifies that DMA "attempted to provide an orientation mobility specialist to Plaintiff, but Plaintiff refused to meet with the specialist provided," and that Lady Bird tenants are permitted to make their own modifications in their apartments. *Id.* ¶¶ 3, 5. DMA asserts that Ricks' request for a mail chute on his front door was denied because the United States Postal Service advised DMA that by law it cannot deliver mail directly to Ricks' front door. Dkt. 122 at 10. DMA states that it cannot install a wheelchair ramp on the public sidewalk outside the Lady Bird because the city controls public sidewalks. *Id.*

6

Ricks offers no evidence to refute DMA's arguments or evidence. Instead, he makes conclusory allegations that DMA's modifications were not reasonable. This is insufficient to defeat a motion for summary judgment. "A party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Turner*, 476 F.3d at 343 (cleaned up). Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324.

To defeat DMA's motion for summary judgment, Ricks needed to identify specific evidence and articulate the precise way it supports his claims. *Adams*, 465 F.3d at 164.

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Celotex*, 477 U.S. at 322-23. This Magistrate Judge finds that DMA is entitled to summary judgment on Ricks' FHA claim.

### D. Conclusion

The Court finds that Ricks does not sustain his burden to come forward with competent summary judgment evidence of the existence of a genuine fact issue on any of his claims. Therefore, DMA is entitled to summary judgment.

## IV. Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court (1) **GRANT** Defendants DMA Companies, Diana McIver, Nichole Guptill, and Roxanne Marroquin's Motion for Final Summary Judgment (Dkt. 122); (2) **DENY** all Plaintiff's other requests for relief; and (3) enter Final Judgment for Defendants.

## V. Order

Plaintiff's Motion for Permission to File his request for reconsideration of the pre-filing bar (Dkt. 125-2) is **DENIED**. The Court **FURTHER ORDERS** the Clerk to remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable Robert Pitman.

## VI. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on March 13, 2025.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE